535 So.2d 1108 (1988)
STATE of Louisiana, Respondent,
v.
Bobby R. BRADLEY, Applicant.
No. 20200-KW.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1988.
Arthur Gilmore, Jr., Monroe, for applicant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., D. Gregory Miller, Asst. Dist. Atty., Monroe, for respondent.
Before MARVIN, FRED W. JONES, Jr. and LINDSAY, JJ.
MARVIN, Judge.

PREFACE
We granted a supervisory writ to review defendant's second offense DWI conviction. *1109 The four issues concern the existence of probable or reasonable cause to stop; the admissibility of results of a field sobriety test to evaluate involuntary eye movement; the sufficiency of the evidence to convict; and the validity of waiver of counsel in the predicate DWI first offense conviction.
We find no merit in the first three assignments. We agree, however, that the State did not prove that defendant knowingly and intelligently waived his right to counsel in the predicate offense.
We reverse the conviction for second offense DWI and find defendant guilty of first offense DWI. We remand with instructions to the trial court to enter a judgment of conviction of first offense DWI and to sentence defendant for that crime.
We publish only this preface and our discussion of the fourth assignment. Our discussions of the other assignments are included as an unpublished appendix.

PREDICATE OFFENSE; WAIVER OF COUNSEL
The State charged Bradley as a second DWI offender in 1987 because he was convicted of DWI in 1983. Bradley filed a motion to quash the second offense charge, contending he did not validly waive his right to counsel when he was arraigned in September 1983 or when he pleaded guilty to DWI a month later. The trial court denied the motion to quash.
At the 1983 arraignment, Bradley appeared without counsel and pleaded not guilty. Any error in the court's failure to advise a defendant of his right to counsel when he pleads not guilty at arraignment is harmless, because he does not give up, but exercises at that juncture, his right against self-incrimination and his right to a trial. See and compare State v. Rachal, 212 La. 731, 33 So.2d 501 (1947).
A month after the arraignment, and again without counsel, Bradley withdrew his not guilty plea and pleaded guilty to first offense DWI after answering yes to each of these questions concerning the right to counsel:
COURT: Do you understand that by entering this plea of guilty at this time, that you are giving up your right against compulsory self-incrimination and are in fact agreeing to testify against yourself to this limited extent?
COURT: Are you voluntarily doing so?
COURT: Do you also understand that on a charge such as driving while intoxicated, that you do have the right to be represented by an attorney?
COURT: And if you are what the law terms to be "indigent," in other words, too poor or financially unable to afford the services of an attorney, you could have requested the Court to consider appointing an attorney to represent you. Do you understand this?
COURT: Now do I take by your actions today that you do not wish to be represented by an attorney on this particular charge?
COURT: But do you understand that you have this right?
COURT: Are you voluntarily waiving your right to an attorney to enter this plea of guilty?
For the 1983 conviction, Bradley was fined $500 plus costs, or 95 days in default of payment, and was ordered to serve two compulsory days in jail. He was fined $500 plus costs, or 60 days in default, and sentenced to 90 days in jail for the present conviction.
If a defendant does not receive or knowingly and intelligently waive the assistance of counsel in a prior DWI conviction, the prior conviction may not be used to subject him to enhanced punishment as a repeat DWI offender. City of Monroe v. Fincher, 305 So.2d 108 (La.1974); State v. Skeetoe, 501 So.2d 931 (La.App. 2d Cir. 1987).
A defendant need not have the skill and knowledge of a lawyer to validly waive his right to counsel, and there is no particular formula for the trial court to follow in determining if the waiver is knowing and voluntary. The record must reflect, however, that the defendant is waiving his right "with eyes open" and with an awareness *1110 of the dangers and disadvantages of self-representation. State v. Harper, 381 So.2d 468 (La.1980).
A valid waiver of the right to counsel is not presumed simply from the defendant's expression of his desire to plead guilty. State v. Wiggins, 399 So.2d 206 (La.1981). Before accepting the guilty plea, the trial court must inform defendant, on the record, of the consequences of proceeding without counsel. The court should assess, with facts on the record, defendant's literacy, competency, understanding and volition before accepting the waiver of counsel. State v. LaFleur, 391 So.2d 445 (La.1980); State v. Skeetoe, supra.
The trial court that accepted Bradley's 1983 guilty plea informed him of his right to counsel and to appointed counsel, but did not inquire about his literacy or competency. The court did not ask him if he understood, or inform him of, the disadvantages and consequences of self-representation. Under these circumstances, Bradley's statement that he did not wish to be represented by an attorney is not deemed to be a knowing and intelligent waiver of his right to counsel. See State v. Ayres, 509 So.2d 763 (La.App. 2d Cir.1987).
The State contends in brief that Bradley knew of the dangers and disadvantages of self-representation because he had three trials and convictions for misdemeanor traffic offenses before his 1983 DWI guilty plea. The reference to these proceedings appears only in the State's brief, and is not otherwise in the record. Even should we assume the State's contention is true, we cannot equate Bradley's "misdemeanor traffic offense" trial experience with the "extensive experience with the judicial process and criminal justice system" that the defendant had from prior felony convictions in State v. Gipson, 514 So.2d 646, 650 (La.App. 2d Cir.1987), modified on other grounds.

CONCLUSION
The State proved that Bradley was driving while intoxicated on October 15, 1987, but did not prove he validly waived his right to counsel in the 1983 DWI conviction. We reverse his conviction for DWI, second offense, and remand with instructions to the trial court to enter a judgment of conviction of DWI, first offense, and to sentence Bradley for that crime.
REVERSED IN PART AND REMANDED.