582 So.2d 360 (1991)
STATE of Louisiana, Appellee,
v.
L.C. SAMMON, Appellant.
No. 22528-KA.
Court of Appeal of Louisiana, Second Circuit.
June 19, 1991.
*361 Jones, Charles & Gilmore by Arthur Gilmore, Jr., Monroe, for appellant.
Jerry Jones, Dist. Atty., Carol S. Patterson, Asst. Dist. Atty., Monroe, for appellee.
Before NORRIS, VICTORY and STEWART, JJ.
NORRIS, Judge.
The defendant, Louis Charles Simon (erroneously named in the bill as L.C. Sammon), was charged by bill of information with operating a vehicle while intoxicated, third offense. La.R.S. 14:98 D. He was found guilty as charged on June 12, 1990 and later sentenced to one year at hard labor, six months to be served without benefit of parole, probation or suspension of sentence. Simon appeals the conviction of DWI-3d offense arguing one of his prior DWI convictions is invalid as a predicate offense because he was not advised in that proceeding of his right to court-appointed counsel. We reverse in part and remand with instructions.

*362 PREFACE
The instant record contains conflicting testimony. However, viewing the evidence in the light most favorable to the prosecution, we perceive the events to have occurred as follows: On September 2, 1989 Simon picked up Joyce Blanson at approximately 7:00 p.m.; they proceeded to "The Trailer," a bar located on Martin Luther King Dr. in Richwood, La. Simon had two beers; he then drove to another location where the two visited with friends. After visiting about an hour, they left and picked up a case of beer. They then set out for more social visiting; while visiting with another friend, Simon drank at least two more beers. He drank another beer driving home. The beers Simon was drinking were 16 ounce cans.
On the trip home, Simon drove down Richwood Rd. No. 2. The intersection of Richwood Road No. 2 and Brown Street required Simon to make a 90° turn. Instead of slowing down, he sped up and was unable to negotiate the turn. He ran over a yield sign and crashed into the ditch on the other side of the road.
Ouachita Parish Sheriff's Deputies were called to the scene. They conducted a field sobriety test which indicated Simon was intoxicated. The deputies then transported Simon to the Ouachita Parish jail and tested him with the Intoxilizer 5000; his blood alcohol content was .194%.
Simon had two previous DWI convictions. On August 15, 1986, he pled guilty to a DWI charge. On November 5, 1987, he was convicted after trial of DWI-2d offense. In the instant case, he was charged on October 4, 1989 with DWI-3rd offense.
On November 21, 1989 Simon filed a motion to quash the instant charge alleging that in the prior predicate offenses, he was not represented by counsel; he was not adequately advised of nor did he waive his right to counsel; and the court failed to advise him of his constitutional rights. R.p. 13. This motion was consolidated with a motion to suppress and both were heard at the preliminary examination on January 10, 1990. The court denied Simon's motions. He now assigns as error the denial of his motion to quash and the enhancement of his conviction to DWI-3rd offense.

CONTEMPORANEOUS OBJECTION
The state first argues that Simon failed to raise in his motion to quash the issue of whether the November 5, 1987 conviction was a valid predicate offense. We disagree. The motion to quash is sufficient to raise the issue of the validity of predicate offenses and the court's failure to advise Simon of his right to counsel and to secure a valid waiver. State v. Jones, 404 So.2d 1192 (La.1981).
The state argues that an objection at trial was required to sustain this issue on appeal. No objection is required to a ruling on a written motion in order to permit the ruling to be considered on appeal. La. C.Cr.P. art. 841 B. Although Simon stipulated to the admissibility of the predicate offense documents without the Monroe City Court Clerk having to identify them, Simon never waived the issues presented by the motion to quash. Thus we find that the state's argument lacks merit.

PREDICATE OFFENSES
Simon concedes in brief that the 1986 predicate offense may enhance the present conviction because the city court minutes reflect that Simon appeared at the 1986 arraignment with counsel, was advised of his Boykin rights, and pled guilty. However, Simon argues that the instant record presents no evidence that he was informed in the 1987 proceedings of his right to court appointed counsel, that he knowingly and intelligently waived this right, or that he was represented by counsel at any time during the proceedings.
La.C.Cr.P. art. 513 Assignment of Counsel in Other Cases
In the case of an offense punishable by imprisonment, when the defendant appears for arraignment without counsel, the court shall inform him before he pleads to the indictment of his right to have counsel appointed to defend him if he is indigent. * * *
*363 Absent a knowing and intelligent waiver of the right to counsel, no person may be imprisoned for any offense unless he was represented by counsel at his trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); City of Monroe v. Fincher, 305 So.2d 108 (La. 1974); State v. Skeetoe, 501 So.2d 931 (La. App. 2d Cir.1987). Moreover, if defendant does not receive or knowingly and intelligently waive assistance of counsel in a prior DWI conviction, the prior conviction may not be used to enhance defendant's punishment. City of Monroe, supra; State v. Bradley, 535 So.2d 1108 (La.App. 2d Cir.1988).
La.C.Cr.P. art. 514 Minute Entry Regarding Counsel.
The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court-appointed counsel, and that he waived such right.
The state has the burden to affirmatively prove on the record that defendant had the benefit of counsel or waived counsel at the proceedings for the predicate offense. State ex rel. Bishop v. Blackburn, 384 So.2d 406 (La.1980); Bradley, supra; State v. Carson, 527 So.2d 1018 (La.App. 1st Cir.1988). If the state utilizes court minutes to satisfy its burden of proof as to predicate offenses, the minutes must show that defendant was informed of his right to court-appointed counsel as mandated by C.Cr.P. art. 514. State v. Vezina, 391 So.2d 450 (La.1980).
The offense of DWI-2d offense subjects the offender to imprisonment for not less than 30 days nor more than six months, although imposition or execution of the sentence may be suspended. La.R.S. 14:98 C. Thus, Simon was subject to imprisonment in the November 5, 1987 proceedings.
Moreover, the sole minutes pertaining to the November 5, 1987 conviction, filed in the instant record, recite:
November 5, 1987
Defendant appeared for trial session. Trial had. Defendant found guilty as charged. Defendant remanded into custody. Remanded for sentencing for November 6, 1987. Judge Stout heard trial. Ex. S-5.
Neither these minutes nor any other evidence in this record indicate that Simon was represented by counsel at trial, advised of his right to counsel or waived that right. The state has failed to prove that the defendant was informed of and exercised, or knowingly and voluntarily waived his right to counsel in the 1987 proceedings. Thus, the 1987 conviction cannot be used as a predicate offense to subject defendant to enhanced punishment as a repeat DWI offender. Bradley, supra.
The state cites State v. Strain, 573 So.2d 517 (La.App. 1st Cir.1990), writ granted 575 So.2d 357 (1991), for the proposition that the standard for a knowing and intelligent waiver of right to counsel in a predicate offense is more relaxed than on direct appellate review. We need not reach this issue. In Strain, supra, the defendant was advised of his right to an attorney and that if he was indigent, he had a right to court-appointed counsel. The issue in Strain was whether the defendant's response was sufficient to waive these rights. On the instant record, the state has failed to prove that the defendant was ever advised in the 1987 proceedings of his right to counsel, much less that he knowingly and voluntarily waived the right to counsel. Therefore, we distinguish Strain.

CONCLUSION
The state proved that Simon was driving while intoxicated on September 2, 1989. The state also proved one valid predicate offense but failed to prove a second valid predicate offense. The evidence, viewed in a light most favorable to the prosecution, proves beyond a reasonable doubt that Simon was guilty of DWI-2nd offense. Accordingly, we reverse his conviction for DWI-3rd offense and remand with instructions to the trial court to enter a judgment of conviction of DWI-2nd offense and to sentence Simon for that crime. Vezina, supra; Bradley, supra.
*364 REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.