730 So.2d 1056 (1999)
STATE of Louisiana, Appellee,
v.
Jeffery SUDDS, Appellant.
No. 31,813-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
David A. Rothell, Mansfield, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don Burkett, District Attorney, Clifford R. Strider, III, Assistant District Attorney, Counsel for Appellee.
Before BROWN, STEWART and DREW, JJ.
STEWART, J.
This criminal appeal arises from the Eleventh Judicial District Court, Parish of Desoto, the Honorable Stephen B. Beasley, presiding. Following the denial of his motion to quash a prior DWI conviction from use as a predicate offense, Jeffery Sudds, defendant pled guilty as charged to one count of DWI third offense, La. R.S. 14:98, and was sentenced to three years at hard labor, with six months to be served without benefit of parole, probation or suspension of sentence and with thirty months suspended. Sudds reserved his right to appeal the denial of his motion to quash. We affirm.

FACTS
On October 17, 1997, the defendant, Jeffery Sudds, was arrested for driving while intoxicated (DWI), third offense, a violation of La. R.S. 14:98, after being involved in a three vehicle accident. Upon his arrest, Sudds had a blood alcohol level of .212%, over twice the legal presumptive limit. Sudds had two prior convictions for violation of La. R.S. 14:98, one in 1993, Desoto Parish docket number 82,405 and one in 1994, Desoto Parish docket number 85,959. Therefore, Sudds was charged with third offense DWI.
One of the two prior guilty pleas, upon which the current charge is predicated, was the one that was entered on July 8,1993, in Desoto Parish, docket number 82,405. A Motion to Quash was filed on Sudds' behalf alleging that the July 8, 1993 guilty plea was illegal in that he chose to represent himself and was not adequately advised of the pitfalls of self-representation. Therefore, the guilty plea entered on July 8,1993 may not be used against him to enhance punishment on a subsequent offense since the guilty plea was made without a knowing and intelligent waiver of counsel.
The trial court denied Sudd's Motion to Quash on July 15, 1998 and accepted Sudds' guilty plea to DWI third offense, reserving Sudds' right to appeal the denial of his Motion to Quash, pursuant to State v. Crosby, 338 So.2d 584 (La.1976). This appeal ensued.

*1057 DISCUSSION
In assignments of error numbers one and two, the defendant, Sudds urges that the trial court erred in failing to find that the guilty plea entered into on July 8, 1993 by him, for DWI second offense, was illegal and the trial court erred in using that uncounseled guilty plea to enhance his punishment because the trial court failed to advise him adequately of the dangers of self-representation. Therefore, the 1993 conviction should not have been used as a predicate offense to enhance the level of his current charge from DWI second offense to DWI third offense.
Sudds relies on several cases decided in and prior to 1987 for the proposition that his 1993 uncounseled guilty plea to DWI is invalid because the trial court failed to advise him specifically of the "dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice [to forego the assistance of counsel] is made with open eyes." State v. Graham, 513 So.2d 419 (La.App.2d Cir.1987).
A more recent case shows the defense argument to be of no avail. State v. Strain, 585 So.2d 540, 542 (La.1991), held that whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. The requisite inquiry for a valid waiver of the right to counsel may vary according to the circumstances.
The older case law, beginning with Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), holds that the trial judge should inquire into the accused's age, education and mental condition, and should advise him of the nature of the charges and the penalty range. Strain, supra, which affirmed an DWI (third) conviction which challenged an earlier uncounseled guilty plea to DWI, held that there was a flexible test which applied to Von Moltke's rule to determine whether there was a valid waiver of counsel in misdemeanor cases.
The court reasoned that determining a defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial.
The record of the July 1993 guilty plea to DWI (first) shows that the trial court asked the defendant, "Are you represented by an attorney? ... Have you consulted an attorney or feel like you need to?" Sudds answered both questions in the negative. The court then said, "Let's talk about that. I want you to understand before I proceed any further, if you have any questions please do not hesitate to talk to me. You have the right to have an attorney present before you answer the charges of the State of Louisiana. If you want an attorney and you cannot afford an attorney, I will appoint one to represent you free of charge. Do you understand that you're entitled to an attorney at this time?" Defendant said he understood. The court again asked him if he wanted an attorney; he said no.
The court explained the charge in detail; Sudds said he understood. The court explained the penalty range for the pled offense and for subsequent conviction; Sudds said he understood. The court advised Sudds of his Boykin rights; Sudds said he understood. After the ADA presented a factual basis, the court again asked Sudds if he desired to plead guilty. He said he did. The court accepted the plea.
The defendant, Sudds, was in his early 60's when he entered the 1993 guilty plea. The court advised him of his rights, including the right to counsel and to appointed counsel if indigent, and of the penalties he faced. Sudds did not ask any questions, nor did he express even any hesitation during his conversation with the trial judge. The offense to which he pleaded guilty was a self-explanatory misdemeanor. The record does not show that defendant's waiver of counsel was unknowingly made. Accordingly, we find that these assignments of error lack merit.
After further review of the record, La.C.Cr.P. art. 920(2), we found that while the statute of conviction, La. R.S. 14:98 D(1), requires that a person convicted of DWI (third) be fined two thousand dollars, the court did not impose a fine upon Sudds. Accordingly, the sentence is illegally lenient. However, because the state failed to appeal *1058 this sentencing error this court may not correct this illegality nor may we remand the matter for re-sentencing. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App.2d Cir.8/17/94), 642 So.2d 679.

DECREE
For the aforementioned reasons, we conclude that the trial court's denial of the Motion to Quash was proper and that the defendant's 1993 plea was properly considered. Accordingly, we affirm the defendant's conviction for DWI third offense.
AFFIRMED.