| NORRIS, Chief Judge.
Billy Van Rison pled guilty as charged to one count of driving while intoxicated (“DWI”), fourth offense, La. R.S. 14:98. Having reserved the right pursuant to State v. Crosby, 338 So.2d 584 (La.1976), Rison appeals the district court’s denial of a motion to quash he filed challenging two of the underlying predicate offenses. For the reasons assigned, we affirm.
FACTS
On May 2, 1997, Rison was arrested for DWI after a state trooper observed him driving his pickup truck erratically on a highway in Jackson Parish. An intoxilyzer test showed defendant’s blood alcohol content to be 0.245 percent. Thereafter, the State filed a bill of information charging defendant with fourth offense DWI. It listed three predicate offenses: (1) a Second Judicial District Court DWI conviction occurring on November 18, 1996 in Docket Number 32,688, and (2) two separate misdemeanor DWI offenses to which defendant simultaneously pled guilty on the same day, December 5,1995, in the Second Judicial District Court in Docket Numbers 32,314 and 32,328.
On September 21, 1998, Rison filed a motion to quash the two December 5, 1995 convictions, alleging them to be defective in that he pled guilty without having knowingly and intelligently waived counsel. The motion was subsequently denied by the district court. Reserving his right to appeal the denial of his motion to quash, defendant pled guilty as charged to fourth offense DWI. Rison was then sentenced to pay a fine of $500 and to serve ten years at hard labor, one year to be without benefit of parole, probation, or suspension of sentence. Additionally, all but one year of the jail term was suspended and defendant was placed on two years of supervised probation. This appeal ensued.
^DISCUSSION
In his only two assignments of error, Rison urges that the trial court erred *48 in failing to quash his two December 5, 1995 predicate convictions as constitutionally infirm. He maintains that the guilty plea for both was made without a valid waiver of counsel.
A DWI plea made without the assistance of counsel may not be used to enhance punishment of a subsequent offense absent a knowing and intelligent waiver of counsel. State v. Snider, 30,568 (La.App.2d Cir.10/21/97), 707 So.2d 1262, writ denied, 97-3025 (La.2/13/98), 709 So.2d 748; State v. Mashaw, 554 So.2d 169 (La.App. 2d Cir.1989). When a defendant waives his right to counsel, the court should advise the defendant of his right to counsel and to appointed counsel if he is indigent. State v. Inzina, 31,439 (La.App.2d Cir.12/9/98), 728 So.2d 458. The court should also determine on the record that the waiver is knowing and intelligent under the facts and circumstances of each case. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge. State v. Strain, 585 So.2d 540 (La.1991); State v. Inzina, supra. Nonetheless, the requisite inquiry for a valid waiver of the right to counsel may vary according to the circumstances. State v. Strain, supra; State v. Sudds, 31,813 (La.App.2d Cir.3/31/99), 730 So.2d 1056.
Determining the defendant’s understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. State v. Strain, supra; State v. Sudds, supra; State v. Inzina, supra. Indeed, the crime of DWI is a non-complex crime, even among misdemeanors, and is almost self explanatory. Id. Furthermore, the court is generally not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and 13disadvantages of self representation. The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. State v. Strain, supra; State v. Inzina, supra; State v. Snider, supra; State v. Marcoux, 96-0453 (La.App. 1st Cir. 3/27/97), 691 So.2d 775, writ denied, 97-1079 (La.6/13/97), 695 So.2d 984.
In the instant case, defendant pled' guilty to two separate instances of second offense DWI by virtue of the same plea colloquy on December 5, 1995. The transcript of the Boykin hearing shows that the trial judge initially gave an explanation of the various rights being waived and the crimes of both first and second offense DWI to defendant along with several other defendants. That portion of the colloquy first explained: 1) the three basic Boykin rights that were being waived, 2) the requirement that the State prove guilt beyond a reasonable doubt at trial, 3) the elements of proof for both first and second offense DWI, 4) the minimum and maximum penalty for each crime, and 5) the judge’s usual sentence, including fine, jail time, and probationary period. The judge then advised the defendants that they had a right to an attorney and to have one appointed if they could not afford one. The court further noted that “[a]n attorney would be in a better position to assist [each defendant] because he or she would be trained in the law.”
Following this explanation to the defendants en masse, the court next questioned Rison individually after he stated he wished to plead guilty to both offenses. During this inquiry, the judge personally asked if he understood all of the rights that the court had previously explained, specifically noting the right to trial and to an attorney. Rison answered that he understood and stated that he had no questions. Then, upon further questioning by the court, Rison affirmatively stated that he wished to waive his right to an attorney as well as his rights to trial, *49 | ¿confrontation, and silence. Finally, prior to finding that the pleas were “knowingly and intelligently and voluntarily entered,” the court, through questioning, determined that defendant was born on December 16, 1968, that he had completed the tenth grade, that he had been employed in construction and logging and was able to support himself though those endeavors, and that defendant knew his social security number.
Under the totality of the circumstances presented by this plea colloquy, we find that the defendant’s waiver of counsel in his two challenged guilty pleas is valid and that he understood the consequences of his plea. See, i.e., State v. Sudds, supra; State v. Inzina, supra; State v. Snider, supra; State v. Marcoux, supra; State v. Fritcher, 95-0124 (La. 1st Cir. 4/4/96), 672 So.2d 295. Therefore, the trial court did not err in denying the motion to quash his two December 5, 1995 predicate offenses.
CONCLUSION
For the abovementioned reasons, Ri-soris conviction and sentence for fourth offense DWI are affirmed.
AFFIRMED.