I ¶WILLIAMS, Judge.
The defendant, Ernest D. Potts, was charged by bill of information with driving while intoxicated (“DWI”), third offense, a violation of LSA-R.S.14:98. The trial court denied the defendant’s motion to quash the use of his 1991 conviction for DWI as a predicate offense. Subsequently, the defendant pled guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thus, reserving his right to appeal the trial court’s denial of his motion to quash. The defendant received an agreed sentence to pay a $500 fine and to serve eighteen months at hard labor with twelve months of the prison term suspended.
The defendant now appeals the trial court’s denial of his motion to suppress. For the following reasons, we affirm.
FACTS
On October 11, 1997, the defendant was traveling on U.S. 167 in Jackson Parish when he was stopped by a Jackson Parish Sheriffs Deputy who had observed the defendant drive his vehicle across the yellow, no-passing line on three occasions. The deputy noted that the defendant had slurred speech, red, glassy eyes and he emitted a strong odor of alcohol. The deputy also noted that the defendant was unable to provide a sufficient breath sample.
The defendant was charged with DWI third offense. The state relied on prior convictions from December 3, 1991 and November 18, 1996 as the predicate offenses for the DWI third offense charge. The defendant pled guilty in both instances; however, he filed a motion to quash the use of the 1991 conviction as a predicate offense, alleging that the guilty plea was inadmissible because he did not have an attorney and he was not adequately advised of the dangers of proceeding without an attorney. He also alleges that the court failed to adequately inquire into his literacy, competency, understanding and volition.
*108 | ¡.After a contradictory hearing, the court denied the defendant’s motion to quash his 1991 conviction. The defendant pled guilty pursuant to State v. Crosby, supra, and this appeal followed.
DISCUSSION
The defendant’s sole argument on appeal is that his uncounseled guilty plea entered in 1991 to DWI first offense was invalid for use as a predicate offense because the trial court failed to adequately advise him of the dangers of self-representation and failed to adequately inquire into his literacy, competency, understanding and volition. Thus, the defendant urges that the 1991 conviction should not have been used as a predicate offense to enhance the level of his current charge from DWI second offense to DWI third offense.
United States Constitution, Amendments VI and XIV, and Louisiana Constitution, Article 1 § 13 guarantee the accused in a criminal proceeding the right to assistance of counsel for his defense. State v. Strain, 585 So.2d 540 (La.1991); State v. Dunn, 30,269 (La.App.2d Cir.2/25/98), 713 So.2d 479. The right to counsel may be waived; however, the waiver must be made knowingly, understanding^ and intelligently. State v. Dunn, supra. A defendant may waive his right to counsel if he knows what he is doing, his choice is made with his eyes open and the record reflects his awareness of the dangers and disadvantages of self-representation. State v. Strain, supra; State v. Dunn, supra.
The determination of whether the' defendant knowingly and voluntarily waived his right to counsel depends on the facts and circumstances surrounding the case, including the age, education, background, experience and conduct of the accused. State v. Strain, supra; State v. Dunn, supra. Generally, the court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. State v. Marcoux, 96-0453, (La. App. 1st Cir. 3/27/97); 691 So.2d 775, writ denied, 97-1079 (La.6/13/97), 695 So.2d 984. While the judge need not inquire into each and every factor in order to establish a valid waiver of the right to counsel at trial, there must be sufficient inquiry (preferably by an interchange with the accused that elicits more than ‘yes’ and ‘no’ responses) to establish on the record a knowing and intelligent waiver under the overall circumstances. State v. Strain, supra. Determining the defendant’s understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. State v. Strain, supra. The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. State v. Marcoux, supra.
This court recently revisited this issue in State v. Sudds, 31,813 (La.App.2d Cir.3/31/99), 730 So.2d 1056. There, the trial court informed the defendant he had the right to an attorney and that one could be appointed if the defendant could not afford to hire one. This was the only discussion concerning the defendant’s right to assistance of counsel. This court found that the trial court adequately advised the defendant of his rights, including the right to counsel. In Sudds, as in the present case, the defendant did not ask any questions nor did he express any hesitation during his conversation with the trial judge.
The transcript of the proceeding on December 3,1991, reveals that the trial judge informed the defendant of the charges against him, the elements of the crime that he had been charged with and the penalties. The trial judge established the defendant was twenty-six years old, had completed the ninth grade and was employed in the logging industry. The judge also inquired as to whether the defendant understood his constitutional rights to an attorney, to confront witnesses and his privi *109 lege against self-incrimination. Prior to the defendant waiving his right to an attorney, the judge advised the defendant that, because of prior training in the area of law, an attorney would be in a better position to assist him. The 1 ¿defendant testified that he heard and understood the information offered by the judge. Subsequently, the defendant chose to proceed without an attorney.
During this colloquy, the trial judge noted that the state had amended the bill of information and charged the defendant with DWI first offense, instead of DWI second offense. The judge also noted that the defendant had two other traffic related charges upon which he had been arraigned and pled guilty.
The record reflects that the defendant had been arrested and convicted for DWI at least once prior to his 1991 guilty plea.[1] This supports the state’s contention that, during the December 1991 proceedings for DWI, the defendant was aware of court procedures and the consequences of pleading guilty. During the colloquy for his 1991 guilty plea, the court advised the defendant of his rights, including the right to counsel, and the penalties he faced. The defendant failed to ask questions or express any hesitation during his conversation with the trial judge.
The record reflects the trial court adequately determined that the defendant’s waiver of his right to counsel at his December 3, 1991 guilty plea to the predicate offense was made knowingly, intelligently and voluntarily. The trial court correctly denied the defendant’s motion to quash. This assignment of error is without merit. ERROR PATENT
At the October 1998 Boykin hearing, the trial court neglected to inform the defendant of the mandatory minimum sentence to which he was exposed by his guilty plea, as required by LSA-C.Cr.P. art. 556.1; State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993); State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987). However, because this case involves an agreed upon sentence, this omission is harmless error.
| sThe statute in effect at the time this offense was committed provided for a term of imprisonment and stated that the offender “shall” be fined $2,000. Acts 1997, No. 1296, effective July 15, 1997. Thus, the sentence imposed is illegally lenient. Because the state acquiesced in this error and failed to appeal it as error, this court may not correct this illegality nor may we remand the matter for resen-tencing. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La. App.2d Cir.8/17/94), 642 So.2d 679.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The record reflects that the defendant had a DWI conviction in Jackson Parish on July 7, 1987.