758 So.2d 965 (2000)
STATE of Louisiana, Appellee,
v.
Thomas J. BARRON, Appellant.
No. 32,960-KA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
*966 Herman L. Lawson, Mansfield, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, J.
The defendant, Thomas J. Barron, was charged with driving while intoxicated (DWI), fourth offense, a violation of La. R.S. 14:98. The defendant filed a motion to quash the predicate offenses which was denied in part and granted in part. Following a bench trial, the defendant was found guilty of DWI, third offense, and was sentenced to four years of imprisonment without benefit of probation, parole or suspension of sentence. The defendant now appeals urging one assignment of error. For the following reasons, we affirm.

FACTS
On February 6, 1998, the defendant turned his truck in front of oncoming traffic, struck a pole, and hit a vehicle driven by Jeanie Melton. The accident occurred near the corner of Washington and McEnry Streets in Mansfield, DeSoto Parish. Officers Daniel Rogers and Ronald Taylor of the Mansfield Police Department responded to a call concerning the accident. When Officer Rogers arrived at the scene, he noticed that a light pole had been struck, that the defendant was standing near his damaged truck, and that a damaged Mitsubishi Gallant was in the road. Subsequently, Officer Taylor arrived on the scene.
At the scene, both Officer Rogers and Officer Taylor noticed that the defendant smelled of alcohol, was unsteady on his feet and slurred his speech. Officer Rogers conducted field sobriety tests on the defendant, and the defendant failed these tests. Subsequently, the defendant was arrested. After his arrest, the defendant refused to take an Intoxilyzer test.
On May 7, 1998, a bill of information was filed which charged the defendant with operating a motor vehicle while intoxicated, fourth offense. The bill of information alleged four predicate offenses: 1) a July 1988 guilty plea with a docket number of 63,919; 2) an April 1989 guilty plea with a docket number of 65,632; 3) an October 1996 guilty plea with a docket number of 94,082; and 4) a November 1997 guilty plea with a docket number of 970,572.
On August 25, 1998, the defendant filed a motion to quash the four predicate offenses, alleging that each of the four predicate offenses was deficient. The defendant's motion was denied in respect to *967 docket number 63,919, the 1988 conviction, and docket number 94,082, the 1996 conviction. The motion was granted in regard to docket number 65,632, the 1989 conviction, and docket number 970,572, the 1997 conviction.
At trial, the state introduced evidence of the facts surrounding the instant offense. Additionally, the state submitted evidence in regard to the cases with docket numbers 63,919 and 94,082. At trial, the defendant testified on his own behalf. The defendant stated that he had not had anything to drink prior to the accident. He also testified that he refused the breath test because he does not believe in such tests.
The defendant was found guilty of driving while intoxicated, third offense, and was sentenced to four years of imprisonment without benefit of probation, parole or suspension of sentence. A fine of $2000.00 was also imposed. The defendant was given credit for time served. The defendant now appeals urging that the trial court erred in failing to grant his motion to quash in its entirety.

DISCUSSION
By assignment of error, the defendant contends that the trial court erred by failing to grant his motion to quash with respect to docket number 65,632. However, the predicate offense numbered 65,632 was suppressed and no evidence was introduced at trial concerning this offense. This court takes note of the fact that the defendant's arguments concerning the suppression of the predicate offense numbered 65,632 involve issues concerning the right and waiver of counsel. However, the defendant was represented by counsel in case number 65,632. On the other hand, the defendant was not represented by an attorney in case number 63,919. As such, we believe that the defendant has simply misstated and actually intends to challenge case number 63,919, rather than case number 65,632. We will proceed with our discussion based on that assumption.
The defendant challenges the predicate offense numbered 63,919 and alleges that the record does not establish that he understood his right to counsel. Barron alleges his lack of understanding comes from the trial court's failure to inquire into his literacy and competency during the 1988 Boykin hearing. We believe that this assignment of error lacks merit.
A DWI plea made without the assistance of counsel may not be used to enhance punishment of a subsequent offense absent a knowing and intelligent waiver of counsel. State v. Rison, 32,244 (La.App.2d Cir.8/18/99), 746 So.2d 46 and State v. Snider, 30,568 (La.App.2d Cir.10/21/97), 707 So.2d 1262 writ denied, 97-3025 (La.2/13/98), 709 So.2d 748. The determination of whether the defendant knowingly and voluntarily waived his right to counsel depends on the facts and circumstances surrounding the case, including the age, education, background, experience and conduct of the accused. State v. Potts, 32,252 (La.App.2d Cir.8/18/99), 747 So.2d 106 and State v. Strain, 585 So.2d 540 (La.1991). Nonetheless, the requisite inquiry for a valid waiver of the right to counsel may vary according to the circumstances. State v. Rison, supra; State v. Strain, supra; State v. Sudds, 31,813 (La. App.2d Cir.3/31/99), 730 So.2d 1056.
A defendant may waive his right to counsel if he knows what he is doing, his choice is made with his eyes open, and the record reflects his awareness of the dangers and disadvantages of self-representation. State v. Potts, supra; State v. Strain, supra; State v. Dunn, 30,629 (La. App. 2d Cir. 2/25/98), 713 So.2d 479.
Generally, the court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. State v. Potts, supra and State v. Marcoux, 96-0453 (La.App. 1st Cir. 3/27/97), 691 So.2d 775, writ denied, 97-1079 (La.6/13/97), 695 So.2d 984. While the *968 judge need not inquire into each and every factor in order to establish a valid waiver of the right to counsel at trial, there must be sufficient inquiry, preferably by an interchange with the accused that elicits more than `yes' and `no' responses, to establish on the record a knowing and intelligent waiver under the overall circumstances. State v. Potts, supra and State v. Strain, supra.
Determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. State v. Potts, supra and State v. Strain, supra. Indeed, the crime of DWI is a non-complex crime, even among misdemeanors, and is almost self-explanatory. State v. Rison, supra.
The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. State v. Rison, supra; State v. Strain, supra; State v. Inzina, 31,439 (La.App.2d Cir.12/9/98), 728 So.2d 458.
The transcript of case number 63,919, including the 1988 guilty plea to DWI, first offense, is found in the record before this court. During the Boykin colloquy, the trial court informed the defendant that he was charged with driving under the influence, first offense, and the trial court informed him of the penalties for first offense. Furthermore, the transcript reflects that the trial court advised the defendant of his right to counsel, the right to a trial, the right to confront his accusers and the right against compulsory self-incrimination. While the trial court did not specifically inquire into the defendant's literacy and competency, we are not convinced that the guilty plea should be invalidated for use as a predicate offense. The examination of the transcript as a whole is necessary to determine if the waiver of counsel was free and voluntary. Inquiry into the defendant's background is just one of the factors that may be considered when examining the record for the determination of the validity of the guilty plea for use as a predicate offense. See State v. Rison, supra.
During the colloquy for his 1988 guilty plea, after the trial court advised the defendant of his rights, including his right to an attorney, and before the defendant entered his guilty plea, the trial court asked the following questions of the defendant and elicited the following responses:
THE COURT: Mr. Barron, has anyone threatened you to attempt to get you to enter a guilty plea against your will?
THE DEFENDANT: No, sir.
THE COURT: Has anyone made you any promises of any nature with reference to a sentence?
THE DEFENDANT: No, sir.
THE COURT: Do I understand that the plea that you are tendering is voluntary on your part?
THE DEFENDANT: Yes, sir.
Furthermore, throughout the colloquy the defendant failed to ask questions or express any hesitation during his conversation with the trial court.
Based on the record, we are convinced that the trial court adequately determined that the defendant's waiver of his right to counsel at his 1988 guilty plea to the predicate offense was made knowingly, intelligently, and voluntarily. The trial court correctly denied the defendant's motion to quash with respect to docket number 63,919. This assignment of error lacks merit.

CONCLUSION
For the reasons just discussed, we affirm the trial court's conviction and sentence.
AFFIRMED.