# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1673


**STATE OF LOUISIANA**

**VERSUS**

**TODD DURIO**


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 17392-02,
HONORABLE MICHAEL CANADAY, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**

Robert Richard Bryant, Jr.
  District Attorney
Carla S. Sigler
  Assistant District Attorney
Post Office Box 3206
Lake Charles, Louisiana  70602
(337) 437-3400
Counsel for:
        State of Louisiana

Kenota Pulliam Johnson
Louisiana Appellate Project
Post Office Box 5781
Shreveport, Louisiana  71135
(318) 524-1024
Counsel for Defendant/Appellant:
        Todd Durio

SULLIVAN, Judge.

Defendant, Todd Durio, pled guilty to operating a vehicle while intoxicated (OWI), third offense, in violation of La.R.S. 14:98. Defendant was sentenced to five years at hard labor, with all but thirty days suspended. The thirty days were imposed without benefit of parole, probation, or suspension of sentence, with credit for time served. Additionally, Defendant was sentenced to fifty-nine months of home incarceration, sixty hours of community service, as well as a fine of $2,000, plus court costs, with various other conditions. At the time of the guilty plea, Defendant reserved his right under *State v. Crosby*, 338 So.2d 584 (La.1976), to appeal the trial court's denial of a motion to quash one of the predicate offenses. It is from this ruling that Defendant now appeals.

## Facts

Defendant was arrested on March 27, 2002, after he lost control of his vehicle and drove into a ditch on Paul White Road in Calcasieu Parish. He pled guilty to OWI, third offense.

## Errors Patent

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we find that there are two errors patent and that the minutes of sentencing require correction.

First, the trial court ordered Defendant to pay a $2,000 fine, plus court costs, as a condition of probation pursuant to a "payout schedule that will be overseen by [Defendant's] probation officer." However, the record does not indicate that the trial court ever established a payment schedule to be overseen by the probation officer. Thus, we find that the trial court erred in failing to establish a payment plan for the fine and costs payable as a condition of probation. *See State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128, and *State v. Fontenot*, 01-540 (La.App. 3 Cir.

11/7/01), 799 So.2d 1255. Accordingly, we will remand the case with instructions that the trial court establish a payment plan for the fine and costs ordered as a condition of probation.

Second, the trial court ordered Defendant to pay a one-time fee of $250 to the "Traumatic Head Injury Fund" pursuant to La.R.S. 46:2633, which provides in part:

> A. There is hereby established a special fund in the state treasury to be known as the Traumatic Head and Spinal Cord Injury Trust Fund which shall consist of monies collected from an additional fee imposed on all motor vehicle violations for driving under the influence, reckless operation, and speeding in this state. In addition, the legislature may make annual appropriations to the trust fund for the purpose set forth in this Chapter to the extent that state general funds are available.
>
> B. (1)(a) Beginning January 1, 1994, in addition to all fines, fees, costs, and punishment prescribed by law, there shall be imposed an additional fee of twenty-five dollars on driving under the influence offenses, five dollars on reckless driving operation offenses, and five dollars on speeding offenses.
>
> (b) Beginning July 1, 2000, the additional fees imposed pursuant to Subparagraph (a) of this Paragraph shall be as follows:
>
> . . . .
>
> (v) A fee of *one hundred dollars on third convictions* of operating a vehicle while intoxicated offenses.
>
> (vi) A fee of *two hundred fifty dollars on fourth or subsequent convictions* of operating a vehicle while intoxicated offenses.

Although Defendant was originally charged with OWI, fourth offense, the bill was amended to OWI, third offense. Defendant pled guilty to OWI, third offense. Given that La.R.S. 46:2633(B)(1)(b)(v) provides for a fee of $100 for a third offense conviction, we find that the trial court erred in ordering Defendant to pay $250. Since the statute offers no discretion as to the amount assessed, we will amend the assessed fee to $100.

2

Finally, we find that the minutes of sentencing need correcting. The minutes indicate that the trial court gave Defendant credit for time served since March 27, 2003. The transcript of sentencing, however, indicates that the trial court gave Defendant credit for time served since the date of his arrest, March 27, 2002. Since the transcript prevails, the trial court is instructed on remand to amend the minutes to conform with the transcript.

## Assignment of Error

In his sole assignment of error, Defendant argues that the trial court erred in denying his motion to quash the use of a 1996 OWI conviction in St. Landry Parish as a predicate offense to his current OWI, third offense, conviction.

Defendant argues that the State failed to prove that the plea of guilty to the St. Landry Parish charge was made knowingly, intelligently, and voluntarily because he was not represented by counsel on the day he pled guilty to the offense. For this reason, Defendant asserts that the St. Landry Parish judge had a heightened responsibility to determine whether he understood the rights he was relinquishing when he waived the right to counsel before the court accepted his guilty plea.

In the present case, Defendant was originally charged with OWI, fourth offense, and careless operation of a vehicle. The State alleged that Defendant had three prior OWI convictions: one in Calcasieu Parish on August 3, 1995; one in Karnes City, Texas, on October 3, 1995; and one in St. Landry Parish on February 29, 1996. Defendant moved to quash the Texas conviction and the St. Landry Parish conviction, although he admitted to the conviction in Calcasieu Parish. At the hearing on the motion to quash, the State conceded that it could not sufficiently establish the Texas conviction as a predicate offense, and the trial court denied the motion as to the St. Landry Parish conviction. Following the hearing, the State amended the bill of

3

information to delete the Texas predicate offense, charging Defendant with OWI, third offense, to which Defendant entered a *Crosby* plea of guilty on September 3, 2003.

Regarding the St. Landry Parish guilty plea, Defendant contends that his court-appointed attorney failed to appear in court and that the trial court accepted his guilty plea without determining his "literacy, competency, understanding and volition" and without inquiring about his "age, education, work history, or background."

In *State v. Strain,* 585 So.2d 540, 542-44 (La.1991) (citations omitted) (footnotes omitted) (emphasis added), the supreme court stated:

> The right to counsel may be waived, but the accused must know of the right and intentionally relinquish the right. Waiver of the right to counsel, in order to be valid, must be made knowingly, understandingly and intelligently. A defendant may waive his right to counsel "if he knows what he is doing and his choice is made with eyes open".
>
> . . . .
>
> . . . The principal function of a lawyer for an accused who desires to plead guilty is to assist him in deciding whether to go to trial, and the judge who accepts an uncounseled guilty plea must satisfy himself that the accused knows and understands that by his waiver of counsel he is giving up his right to this assistance. The critical issue on review of the waiver is whether the accused understood the waiver. *What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge.*
>
> When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge. The nature of the self-representation to be undertaken is also significant, since a layman obviously can more easily understand from a brief explanation by the judge the significance of a guilty plea than he can the significance of defending himself in a felony trial, with the latent dangers and pitfalls attendant thereto. *Determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial.*

4

The record of the St. Landry Parish guilty plea indicates that Defendant was represented by counsel, but for an unknown reason, his attorney did not appear for the hearing. The following colloquy took place after the trial court was informed that Defendant's counsel was not present:

> THE COURT: Mr. Bourgeois had initially been appointed to represent the defendant in this matter. Mr. Durio, I am assuming that you want to proceed this morning even though Mr. Bourgeois is not available, is that correct sir?
>
> MR. DURIO: Yes, Your Honor.
>
> . . . .
>
> THE COURT: Mr. Durio, basically as I appreciate it what you're here to do this morning is to presumably enter a plea to the Bill that has been filed by the District Attorney charging you with First Offense DWI. Do you understand that?
>
> MR. DURIO: Yes, sir.
>
> THE COURT: All right. And basically I inquired of you earlier, indicating that Mr. Bourgeois had previously been appointed by the Court to represent you in this matter, and that he's not available at this time and that you're waiving his assistance, is that correct?
>
> MR. DURIO: Yes, sir.
>
> THE COURT: Okay. In addition, what I need to do—I'm going to go over a couple of things with you, but because the—particularly because the attorney is not here, I'm obligated to kind of basically advise you of your rights. And so, I am going to spend just a couple of minutes doing that this morning and if you don't understand anything at all that I tell you I need for you to stop me. Okay?
>
> MR. DURIO: Yes, sir.
>
> THE COURT: All right basically I want you to understand first of all, that you do not have to enter a plea of guilty today. You have a right to go to trial on the matter, and should you elect to go to trial then there are other rights that flow therefrom. For example, I would require Mr. Bourgeois to continue to represent you in this matter, so you would have the representation of an attorney if you went to trial. Also, if you went to trial you would be entitled to rely upon the presumption granted to you by the law of innocence, which means that you could require the State to prove their case against you. You could not—you would not be

5

forced to take the stand, although you could take the stand and testify if you so desired. You don't even have to call witnesses, you can simply make . . . the State prove their case should you go to trial. Also if you went to trial you would be entitled to, either you or your attorney, to traverse or to cross examine the witnesses submitted by the State and you would also be entitled to call your own witnesses, and if you can't get them here then the Court can subpoena them for you. Do you understand that these are some of the rights that you have if you went to trial?

MR. DURIO: Yes, sir.

THE COURT: Okay. And do you also understand that by entering a plea of guilty today you are going to be waiving your right to a trial, and you are also going to be waiving all of these rights that I just discussed with you?

MR. DURIO: Yes, sir.

THE COURT: I also need for you to understand that you need to be made aware of the fact that there are certain types of offenses that can stack up against an individual, and DWI is one of those offenses. There's first offense DWI, second, third, and fourth offense, and you can reach the point to where you get enough of these DWI offenses stacked up against you to where it becomes a felony. Do you understand that?

MR. DURIO: Yes, sir.

THE COURT: And of course if you reach the point to where the number of times that you are charged with DWI reaches the felony stage, then in that case, then of course you would be entitled to a trial by jury. Do you understand that?

MR. DURIO: Yes, sir.

THE COURT: Okay. Do you—at this time considering what I've told you, do you still wish to go ahead and enter your—the plea that you have considered entering today?

MR. DURIO: Yes, sir.

THE COURT: All right. With that in mind, . . . the Court is satisfied that the defendant is entering into his plea freely and with full knowledge of what he is doing. I'm going to read the Bill of Information and after I've read it I'll ask you how do you wish to plead, guilty or not guilty.[1]

_____

[1]Following the guilty plea, Defendant was sentenced to thirty days in the parish jail, suspended, a fine of $125, plus costs, and six months of supervised probation.

6

Defendant also signed a waiver of rights form that stated: "I am not represented by an attorney in this case, and I've been informed of my rights to representation and free representation if I am indigent, and I hereby expressly waive or give up my right to representation by an attorney in this case."

In his appellate brief, Defendant cites *State v. Sammon*, 582 So.2d 360 (La.App. 2 Cir. 1991), in support of his position that the trial court failed to make an appropriate inquiry into whether he knowingly and intelligently waived his right to counsel. However, we find *Sammon* distinguishable because in that case "[n]either these minutes nor any other evidence in this record indicate that [the defendant] was represented by counsel at trial, advised of his right to counsel or waived that right." *Id.* at 363. Thus, the issue in *Sammon* was whether the defendant was advised of his rights, not whether his responses indicated that he understood his right to waive representation.

In the present case, Defendant pled guilty in St. Landry Parish to OWI, first offense, a misdemeanor, and had been represented by counsel until the day of the plea. The issue is whether Defendant understood the rights that he was relinquishing when he waived his right to counsel in the plea colloquy. As noted above, the standard of inquiry depends on the circumstances of the case and the stage of the proceedings. As the second circuit concluded in *State v. Snider*, 30,568, p. 4 (La.App. 2 Cir. 10/21/97), 707 So.2d 1262, 1264, *writ denied*, 97-3025 (La. 2/13/98), 709 So.2d 748, the phrase "on the record" as used by the supreme court in *Strain*, 585 So.2d 540, "means 'in' the entire record" (not just in the plea colloquy) in determining whether the defendant knowingly and intelligently waived his right to counsel.

In *State v. Theriot*, 00-870 (La.App. 5 Cir. 1/30/01), 782 So.2d 1078, the fifth circuit found that the record supported a knowing and intelligent waiver, even though

7

the trial court did not inquire into the defendant's background and competency. The court stated:

> The circumstances surrounding the instant predicate plea are similar to the facts of *State v. Barron,* 32-960 (La.App. 2 Cir. 4/5/00), 758 So.2d 965, 967-968 since in *Barron, the trial judge did not specifically inquire into defendant's literacy and competency in accepting an uncounselled DWI plea.* Nevertheless, the court found a review of the transcript as a whole showed that the waiver of counsel was free and voluntary. Similar to *Barron*, Defendant in the instant case was advised by the court of his *Boykin* rights; Defendant, although not specifically informed of the right to counsel in the colloquy, nevertheless acknowledged his right to counsel on the waiver form; the trial judge asked whether any threats had been made; and the waiver form further recited Defendant's acknowledgment that no promises had been made. *As in Barron, Defendant herein did not ask questions or express hesitation during the colloquy.* Further, Defendant acknowledged on the waiver form he had no further questions, and in the colloquy he understood the *Boykin* waiver.

*Id*. at 1083 (emphasis added).

At the time of the St. Landry Parish guilty plea, Defendant had already pled guilty to two prior charges of operating a vehicle while intoxicated, indicating that he was familiar with the procedure. The record shows that Defendant chose not to be represented by counsel when he pled guilty in Karnes City, Texas. The record of the 1995 Calcasieu Parish guilty plea indicates that Defendant was represented by counsel and that the Calcasieu Parish district court judge did inquire into his age and education. *See State v. Potts*, 32,252, p. 4 (La.App. 2 Cir. 8/18/99), 747 So.2d 106, 109, where the court concluded that the defendant's prior conviction for OWI supported the State's contention that "the defendant was aware of court procedures and the consequences of pleading guilty" when he entered the plea at issue there.

Additionally, the record of the St. Landry Parish District Court indicates that Defendant was initially represented by counsel for three offenses in that parish: OWI, second offense; driving with a suspended license; and improper lane usage.

Defendant was then billed the day before the guilty plea with OWI and driving with a suspended license. However, Defendant pled guilty to only OWI, first offense. Therefore, it appears from the record that the State conferred with either Defendant or his counsel prior to the plea.

The St. Landry Parish district court judge advised Defendant that he did not have to enter a plea on that day since counsel was not available. On three separate occasions, the judge in St. Landry Parish asked Defendant if he desired to proceed even though his counsel was not present. Defendant answered each time, "Yes, sir." As the colloquy demonstrates, the trial court then proceeded to throughly advise Defendant of the rights he was giving up by pleading guilty, including that the offense could be used as an enhancement at a later time.

Furthermore, it appears from the record that the hearing was scheduled primarily so that Defendant could enter a guilty plea and be sentenced. Finally, either before or after the hearing, Defendant signed a waiver indicating that he understood the rights he was giving up by pleading guilty and that he waived his right to counsel. It could be inferred, from the totality of the circumstances at the time of the St. Landry Parish plea, that Defendant was acting with advice of counsel and knew the offense to which he pled as well as the rights that he gave up.

In *State v. Stevison,* 97-3122, p. 1 (La. 10/30/98), 721 So.2d 843, 844, the supreme court affirmed the validity of a predicate offense, finding that "the totality of the circumstances surrounding the 1994 guilty plea demonstrate[d] a valid waiver of the defendant's right to counsel." In *Stevison,* the defendant was not represented by counsel, and when he expressed hesitation, the trial court asked a defense attorney present in the court room to advise him. After discussing the matter with the attorney, the defendant informed the court that he wished to waive counsel and handed the court

9

a signed plea of guilty form and waiver of constitutional rights. The trial court then accepted the defendant's plea without further inquiry into whether he had the capacity to waive his right to counsel. The supreme court stated:

> Although *Strain* observed that "[f]actors bearing on the validity of [the waiver] include the age, education, experience, background, competency and conduct of the accused," *id.*, 585 So.2d at 543, *we did not thereby establish inflexible criteria or a magic word formula for determining the voluntariness of a waiver*. The inquiry into the validity of the accused's waiver of counsel must take into account the totality of the circumstances in each case.

*Id.* at 844-45 (emphasis added).

Upon review of the record, we find that the totality of the circumstances indicates that Defendant knowingly and intelligently waived his right to counsel when he pled guilty to the offense in St. Landry Parish on February 29, 1996. In addition to the advice given by the judge in the colloquy and the acknowledgments on the waiver of rights form, the record shows that Defendant was represented by counsel through some of the proceedings in St. Landry Parish and that, at the time of that plea, Defendant was familiar with the procedure, as he had entered two previous OWI pleas, one of which was entered with counsel present. The Defendant's two prior pleas and the fact that he was represented by counsel at some point in the proceedings distinguish this case from *State v. Lambert*, 97-64 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, in which we disallowed for enhancement the *first* of two predicate offenses in which the defendant was apparently never represented by counsel. Finding no error in the denial of the motion to quash the St. Landry Parish predicate offense, we affirm Defendant's conviction of OWI, third offense.

**Decree**

For the above reasons, Defendant's conviction for OWI, third offense, is affirmed. However, the case is remanded with instructions that the trial court establish

a payment plan for the fine and costs ordered as a condition of probation. On remand, the trial court should also order that the minutes of sentencing be amended to correctly reflect that Defendant is to receive credit for time served since March 27, 2002. Finally, we amend the fee imposed pursuant to La.R.S. 46:2633 to $100, the amount specified by La.R.S. 46:2633(B)(1)(b)(v) for a third offense OWI conviction.

**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS**.