585 So.2d 540 (1991)
STATE of Louisiana
v.
Porter Allen STRAIN.
No. 90-K-2464.
Supreme Court of Louisiana.
September 9, 1991.
*541 John R. Simmons, Jr., James H. Looney, Office of Public Defender, for applicant.
William J. Guste, Jr., Atty. Gen., Walter Philip Reed, Dist. Atty., William R. Campbell, New Orleans, for respondent.
LEMMON, Justice.
The only issue in this review of defendant's conviction of driving while intoxicated, third offense (DWI-3), is whether defendant, at his guilty plea to the predicate offense of driving while intoxicated, second offense (DWI-2), knowingly and intelligently waived his right to counsel.
In a pretrial proceeding on the DWI-3 charge, defendant objected to the use of his DWI-2 conviction on the basis that his guilty plea had been entered without counsel and without a knowing and intelligent waiver of his right to counsel. Citing City of Monroe v. Fincher, 305 So.2d 108 (La. 1974), he argued that a conviction based on an uncounseled guilty plea to a prior DWI offense, absent a knowing and intelligent waiver of counsel, cannot be used to enhance punishment upon conviction of a subsequent DWI offense or to increase the status of the subsequent offense to a felony.
The transcript of defendant's DWI-2 plea showed that the trial judge, in an en masse guilty plea taken from six persons charged with misdemeanors, determined by direct questioning of defendant that he was twenty-six years old, had gone to school to the eleventh grade, could read, write and understand the English language, and was not then under the influence of alcohol or drugs. The judge then advised those accused of DWI of the elements of the crime, further pointing out to defendant that this was his second DWI offense. The judge also advised those accused of DWI that this guilty plea conviction could be used in the future to impose more severe penalties if they repeated the offense, additionally advising defendant that DWI-3 was a felony with a penitentiary sentence. After determining from each accused that his or her decision to plead guilty was voluntary and not coerced, the judge advised that each had the right to an attorney, emphasizing that an attorney would be appointed free of charge to represent anyone who could not afford to hire an attorney. He then advised of the constitutional rights waived by a guilty plea, including the right to trial, right to require proof beyond a reasonable doubt, right to call favorable witnesses and to confront and cross-examine adverse witnesses, right not to testify or give evidence against oneself, and right to appeal. Defendant thereafter entered an individual guilty plea to the charged offense.
The trial judge in the present case, after reviewing the transcript of the earlier plea, overruled the objection to the use of the DWI-2 conviction. Defendant then entered a conditional guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976) and appealed the ruling as to the use of the predicate conviction.
The court of appeal, sitting en banc, affirmed the conviction and sentence. 573 So.2d 517. The court held that the standards of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which require that the trial judge in accepting a waiver of the right to counsel in a felony jury trial must determine the accused's literacy, competency and ability to represent himself and must advise the accused of the dangers of self-representation, are not applicable when the accused enters a guilty plea to a misdemeanor charge. The court also distinguished the present case from the decision in City of Monroe v. Wyrick, 393 So.2d 1273 (La.1981), which reversed a simple battery conviction when the trial judge, without inquiring into the literacy, competency or understanding of any individual defendant, merely mentioned to all present in the courtroom that they had the right to be represented by an attorney and "may be entitled" to an appointed lawyer if they were "too poor to hire a lawyer". Pointing out that the Wyrick case involved a direct appeal from the conviction under review while the present case involved a collateral attack on a predicate conviction, the court concluded that the validity of a conviction raised by collateral attack should be reviewed under a more *542 relaxed standard than a conviction attacked by direct appeal.
We granted certiorari to determine whether the trial judge made the requisite judicial inquiry when defendant decided to waive his right to counsel in entering a guilty plea to the DWI-2 charge. 575 So.2d 357.
U.S. Const. amend. VI, as well as La.Const. art. I, § 13, guarantees the accused in a criminal proceeding the right to assistance of counsel for his defense. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); State v. White, 325 So.2d 584 (La.1976); State v. Carpenter, 390 So.2d 1296 (La.1980). The right to counsel may be waived, but the accused must know of the right and intentionally relinquish the right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1958). Waiver of the right to counsel, in order to be valid, must be made knowingly, understandingly and intelligently. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). A defendant may waive his right to counsel "if he knows what he is doing and his choice is made with eyes open". Adams v. United States ex rel McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942).[1]
The requisite inquiry for a valid waiver of the right to counsel may vary according to the circumstances. Waiver of the right to counsel during a police investigation may require less inquiry by law enforcement authorities into the knowing and intelligent nature of the waiver than the inquiry necessary for a judge to accept a waiver at trial. 2 W. LaFave & J. Israel, Criminal Procedure § 11.3 (1984).
The judge, in accepting a waiver of counsel at trial, should advise the accused of the nature of the charges and the penalty range, should inquire into the accused's age, education and mental condition, and should determine according to the totality of the circumstances whether the accused understands the significance of the waiver. See Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). While the judge need not inquire into each and every factor stated in the Von Moltke plurality opinion in order to establish a valid waiver of the right to counsel at trial, there must be a sufficient inquiry (preferably by an interchange with the accused that elicits more than "yes" and "no" responses) to establish on the record a knowing and intelligent waiver under the overall circumstances. 2 W. LaFave & J. Israel, supra; 3 D. Rudstein, C. Erlinder & D. Thomas, Criminal Constitutional Law ¶ 13.04[2][a] (1990). Whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
The case of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1976), although involving the denial of the right to self-representation (which necessarily involves the waiver of right to counsel), discussed the requisite judicial inquiry for a valid waiver. In Faretta the defendant requested, prior to trial on a grand theft charge, that he be permitted to represent himself. The trial judge determined that he had once before represented himself in a criminal prosecution, that he had a high school education, and that he did not want representation by the public defender because he believed that office was overloaded with work. Advising Faretta that he was making a mistake and would receive no special favors, the judge accepted his waiver of counsel, but indicated he might reconsider that ruling if Faretta appeared unable to represent himself adequately. Later, but before trial, the judge provoked another hearing and questioned Faretta about his ability to conduct his own defense. After questioning Faretta about hearsay evidence and voir dire examination, the judge ruled that Faretta had not made a knowing and intelligent waiver of the right to counsel. Noting that Faretta had no constitutional right to conduct his own *543 defense, the judge appointed the public defender to represent him. The judge also denied Faretta's subsequent requests to act as joint counsel and to file certain pro se motions.
The Court held that an accused in a criminal case has a constitutional right of self-representation, in that the Sixth Amendment gives to the accused directly the right to make a defense. The express right to assistance of counsel embodies the correlative right to make one's own defense. Forcing unwanted counsel upon the accused, against his considered wish, violates the Sixth Amendment's guarantee of the right of the accused to choose between representation by counsel and self-representation.
The Faretta Court observed that an accused, in order to represent himself, must knowingly and intelligently waive the benefits associated with the right to counsel. In this context, and referring to the Johnson v. Zerbst and Von Moltke v. Gillies decisions, the Court stated that the accused "should be made aware of the dangers and disadvantages of self-representation" in order to establish on the record a knowing and intelligent decision as to the waiver.[2] 422 U.S. at 835, 95 S.Ct. at 2541.
In the present case defendant relies on the quoted language from Faretta and on this court's decision in City of Monroe v. Wyrick, 393 So.2d 1273 (La.1981). He contends that the trial judge, by failing to warn him against the dangers of self-representation, did not perform the requisite judicial inquiry in the DWI-2 guilty plea to establish a valid waiver of counsel. We disagree, at least in the context of a waiver of counsel at a guilty plea.
While an accused who desires to waive counsel at trial generally should be made aware of the difficulties he might encounter in defending himself during the trial, there is little need to inform him of the pitfalls of self-representation at trial when he intends to plead guilty.[3] The principal function of a lawyer for an accused who desires to plead guilty is to assist him in deciding whether to go to trial, and the judge who accepts an uncounseled guilty plea must satisfy himself that the accused knows and understands that by his waiver of counsel he is giving up his right to this assistance. The critical issue on review of the waiver is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge.[4]
When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, *544 competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge. The nature of the self-representation to be undertaken is also significant, since a layman obviously can more easily understand from a brief explanation by the judge the significance of a guilty plea than he can the significance of defending himself in a felony trial, with the latent dangers and pitfalls attendant thereto. Determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial.
In the present case the trial judge began the colloquy by asking defendant direct questions about his general competency. With this information and by the direct observation of defendant in providing the answers, the judge was in a position to assess the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel, as well as of the guilty plea. The judge then advised defendant (along with others charged with the same crime) concerning the nature of the charge. The crime of driving while intoxicated is a non-complex crime, even among misdemeanors, and is almost self-explanatory. Moreover, this defendant had previously pleaded to and been punished for the exact same crime so that he was even more familiar with the nature of the crime. The judge also properly reminded defendant that this was a second offense and that a third commission of the same crime would likely result in a penitentiary sentence. Only after this determination of defendant's ability to understand the waiver of counsel did the judge advise defendant regarding the right to counsel and then explain the significance of a guilty plea by advising of the rights being given up.[5]
While some cases may call for additional explanation or inquiry, nothing in the colloquy of the present case or in defendant's subsequent pleadings, briefs or other arguments to any court suggests that defendant did not fully understand the significance of the waiver of counsel or of the plea. There is also no suggestion that if the judge had warned him of any particular danger or pitfall of self-representation, defendant would not have waived counsel or pleaded guilty.[6] Nor is there any hint of prejudice to the defendant from the lack of any particular or general warning.
We conclude that the trial judge adequately determined that defendant's waiver of the right to counsel at his guilty plea to the predicate offense was made knowingly and intelligently, and that this determination was not flawed by the judge's failure to advise defendant of the pitfalls of self-representation. The decision of this court in City of Monroe v. Wyrick, 393 So.2d 1273 (La.1981), insofar as it is inconsistent with this opinion, is overruled.[7]
The judgment of the court of appeal affirming defendant's conviction and sentence is affirmed.
CALOGERO, C.J., concurs and assigns reasons.
DENNIS, J., concurs in the decree.
CALOGERO, Chief Justice, concurring.
I concur in the result achieved in the majority opinion. However, I find it unnecessary and unwise to overrule any portion of this Court's opinion in City of Monroe v. Wyrick, 393 So.2d 1273 (La.1981), a case *545 which as the majority expressly notes, is distinguishable on its facts.
NOTES
[1] In Adams the Court rejected the appellate court's holding that a person accused of a felony cannot waive a jury trial unless he acts upon a lawyer's advice.
[2] The trial judge in Faretta repeatedly warned the accused of the dangers of self-representation and diligently inquired into his ability to represent himself. The judge erred only in refusing to allow Faretta to defend himself alone or in concert with his appointed attorney.
[3] The "dangers and disadvantages of self-representation" language in Faretta has given rise to discussions in appellate opinions as to the requisite inquiry for waiver of right to counsel at trial. Professors LaFave and Israel, in listing some of the matters on which courts have suggested the accused should be informed, noted that "because the defendant ... desires to represent himself at trial (rather than to simply plead guilty without a lawyer), the trial judge should take special care to advise the defendant as to the pitfalls of self-representation". 2 W. LaFave & J. Israel, supra at § 11.5(c) (emphasis added). Some of the pitfalls mentioned in opinions cited in the treatise include competing against an experienced prosecutor, ineffective voir dire examination of prospective jurors, failure to recognize objections to inadmissible evidence, inability to adhere to technical rules governing the conduct of the trial, ineffectiveness of the defense resulting from the defendant's dual role as attorney and accused, and loss of the right to complain post-trial about ineffective representation. These pitfalls are obviously dangers associated with trial and not with a guilty plea.
[4] This court, in the context of reviewing the validity of a guilty plea, noted that the decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) did not establish any magic word formula, but simply rejected any presumption of the validity of a guilty plea. State v. Bowick, 403 So.2d 673 (La.1981).
[5] The right to trial was particularly important in the context of right to counsel because counsel performs his most important functions in preparing for and conducting the trial.
[6] Defendant knew and understood he had the right to counsel at his guilty plea and was satisfied to give up that right until he committed another offense.
[7] In Wyrick the minimal advice given by the court pales in comparison to the comprehensive advice and inquiry in the present case. However, as noted earlier, the knowing and intelligent nature of the waiver of counsel depends upon the circumstances of each case.