LEMMON, Justice.
The issue in this review of defendant’s conviction of driving while intoxicated, second offense (DWI-2) is whether defendant, at his guilty plea to the predicate offense of driving while intoxicated, first offense (DWI-1), knowingly and intelligently waived his right to counsel.
At defendant’s guilty plea to DWI-1 the trial judge questioned him as to his age, occupation and level of education, explained the maximum penalty for the charged crime and the enhanced penalties for subsequent convictions, and advised him of his right to counsel and to appointed counsel if he was indigent. Defendant waived his right to counsel. The judge then explained defendant’s right against self-incrimination, right to trial, right to confront and cross-examine the witnesses against him, right to compulsory process, and right to appeal. After defendant waived these rights and the prosecutor presented a factual basis for the plea, the court accepted the guilty plea.
After a hearing in the present case on defendant’s motion to quash the use of the prior conviction, the trial judge denied the motion. The court of appeal denied defendant’s application for supervisory writs in an unpublished order. This court granted certiorari. 575 So.2d 357.
For the reasons assigned in State v. Strain, 585 So.2d 540 (La.1991), consolidated for argument with this case and also decided this day, the rulings of the lower courts are affirmed.
CALOGERO, C.J., concurs and assigns reasons.
DENNIS, J., concurs in the decree.