710 So.2d 1121 (1998)
STATE of Louisiana
v.
Eric TREADWAY.
No. 97-KA-901.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 1998.
Rehearing Denied May 15, 1998.
*1122 Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Assistant District Attorney, Gretna, for plaintiff-appellee.
William R. Campbell, New Orleans, for defendant-appellant.
Before GAUDIN, CANNELLA and DALEY, JJ.
GAUDIN, Judge.
Eric Treadway was convicted by a jury of theft of a 1987 Pontiac automobile and subsequently sentenced as a four-time felon to life imprisonment without benefit of parole, probation or suspension of sentence.
He assigns on appeal two district court errors:
(1) he was wrongly denied the right to represent himself at trial, and
(2) the evidence was insufficient to support a conviction for violation on of LSA-R.S. 14:67, theft over $500.00, because he had no intent to deprive the owner permanently of the Pontiac automobile, an essential element of the charged crime.
We affirm Treadway's conviction, finding that he waived or abandoned his right of selfrepresentation by acquiescing in his representation by appointed counsel and that proof of the crime was established beyond a reasonable doubt.
In his brief to this Court, Treadway did not allege any specific errors patent. We found none.

ASSIGNMENT NO. 1
Prior to trial, Treadway filed a motion for permission to represent himself, a Sixth Amendment constitutional right and one recognized by the United States Supreme Court in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and by the Louisiana Supreme Court in State v. Cage, 583 So.2d 1125 (La.1991). This right can be waived or abandoned.
*1123 This case was tried on January 23, 1997. On January 16, 1997, the day the case was originally scheduled to be heard, the trial judge addressed Treadway's motion asking that he be allowed to proceed pro se.
The trial judge ruled that Treadway would have the opportunity to assist his appointed attorneys in his own defense, including deciding which witnesses to call and what evidence to introduce. Treadway made no objection to this ruling. At the same hearing, Treadway made an oral motion for a continuance. The trial judge granted this request and postponed the trial to January 23, 1997.
Treadway's appointed attorneys, Katherine Guste and Donald Soignet of the Indigent Defender Board, made arguments on his behalf throughout the remainder of the hearing on January 16, 1997. Treadway never reurged his motion to represent himself.
On January 23, 1997, the day of trial, Treadway filed several motions in proper person, including a "Motion to Dismiss Counsel". In his motion, he complained that he was not satisfied with Ms. Guste's representation because she had not asked for a continuance on January 16, 1997. This exchange occurred:
THE DEFENDANT:
Your Honor, I'm not happy with Ms. Guste as counsel 
THE COURT:
 expound on the record 
THE DEFENDANT
 whatsoever. The other lawyer was supposed to be 
THE COURT:
Mr. Treadway, I'm, going to tell you something that it's not in your best interest to continue talking once the jury comes in the room, okay.
THE DEFENDANT:
That man attorney that was here last week was supposed to be present here today also.
This exchange indicates that Treadway merely wanted a different attorney and that he was not pursuing his pro se motion. In State v. Bond, 650 So.2d 354 (La.App. 5 Cir.1995), this Court held that while an indigent defendant has the right to an attorney, he does not have the right to any particular attorney. The trial judge in the instant case stated that Ms. Guste was very adequate and that Treadway was fortunate to have her represent him.
The record shows that Ms. Guste diligently cross-examined the state's witnesses and otherwise represented Treadway well. The record further shows that Treadway did not attempt to represent himself during the trial and that he did not reurge his motion to remove Ms. Guste; accordingly, he acquiesced in her representation and thereby waived or abandoned any right he had to represent himself.
There is no suggestion in the record that Treadway would have called any witness not called or that his defense was not presented in the way he approved of. At no point in either the January 16, 1997 hearing or during actual trial a week later was Treadway denied the opportunity to personally speak to the trial judge. Although the facts of McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), are not synonymous with the Treadway proceedings, the United States Supreme Court did hold that an accused can acquiesce to active, substantial participation by appointed counsel and thereby waive Sixth Amendment rights to pro se representation. This can be the case although the defendant had earlier objected to the presence of the appointed, standby lawyer.
Treadway did at first seek pro se representation but he subsequently was afforded all of the benefits of legal representation. Perceivably, he agreed with everything Ms. Guste did or did not do. In any event, Treadway on appeal has not alleged any mistake by Ms. Guste or has he pointed out any flaw in the manner his defense was presented.
The trial judge did not conduct a full hearing to ascertain whether Treadway was sufficiently adept to represent himself; however, inasmuch as he was ably and competently represented by counsel following the in-court exchanges with the trial judge, the need for a *1124 formal waiver of counsel was abrogated. On January 23, 1997, it would seem that Treadway had abandoned his pro se motion.
Treadway states in his brief to this Court that he was not allowed to question any witness or to argue his case. He does not say that during trial he wanted to do any of these things but was denied the opportunity, either by Ms. Guste or the trial judge.
We see no prejudice or reversible error in Treadway's consenting to Ms. Guste's trial representation although early on he had moved for pro se representation and on the day of trial said that he wanted Ms. Guste dismissed and "the man attorney" present.

ASSIGNMENT NO. 2
Here, Treadway complains about the sufficiency of the evidence proving intent to permanently deprive the owner of the stolen auto. The testimony of two witnesses, Treadway contends, supports this assignment. The witnesses are police Major Fred Williams and Ms. Letichia Nelson, a registered nurse. Treadway, who did not testify at trial, argues on appeal that it was he who called police and told them where the auto was; further, he contends that he was under the intoxicating influence of methadone on August 23, 1996 and could not have had any criminal intent.
On August 23, 1996, Treadway, according to trial testimony, went to a place of business on the Westbank Expressway in Gretna, Louisiana where the Pontiac was for sale. After being shown the car, Treadway sat down inside, put the car in reverse and drove off without permission. The vehicle was recovered three days later in New Orleans East in good condition after a person telephoned Major Williams and told him where the car could be found.
Major Williams testified that he could not recall who had called but that it was possible it could have been Treadway. When the Pontiac was recovered, the keys were missing.
Ms. Nelson said that on July 8, 1996 she had admitted Treadway to the methadone program at the clinic where she is employed. Treadway was administered a dose of methadone on August 23, 1996, the date of the theft, but Ms. Nelson, an expert on substance abuse with 35 years experience, said that she had never known methadone to impair a person's judgment. Specifically, Ms. Nelson stated, the methadone given to Treadway on August 23rd before the theft was committed would not have involuntarily intoxicated him or impaired his judgment.
The jury no doubt concluded that Treadway had the necessary criminal intent when he took the automobile, the testimony of Major Williams and Ms. Nelson notwithstanding. Ms. Nelson was called as a witness by Treadway.
In reviewing claims challenging the sufficiency of evidence, appellate courts follow the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), guidelines. If, after considering the evidence in the light most favorable to the prosecution, the jury could have found the essential criminal elements proven beyond a reasonable doubt, a defendant's conviction should be affirmed.
Because there was no showing that it was Treadway who had telephoned Major Williams and inasmuch as Ms. Nelson's testimony was adverse to Treadway's contentions, the jury correctly found the defendant guilty. The salesman at the car lot positively identified Treadway as the person who had stolen the automobile.
AFFIRMED.
DALEY, J., dissents with reasons.
DALEY, Judge, dissenting with reasons.
On appeal, the defendant argues that the trial court erred in summarily denying his motion to represent himself at trial, without a hearing, violating his Sixth Amendment right of self-representation.
The Sixth Amendment to the United States Constitution gives the defendant in a criminal prosecution the right to represent himself. Because an accused managing his own defense relinquishes many of the traditional benefits associated with the right to counsel, he must knowingly and intelligently forego those benefits in order to represent himself. Faretta v. California, 422 U.S. 806, 832-36, 95 S.Ct. 2525, 2540-41, 45 L.Ed.2d 562 (1975); State v. Bond, 94-509, p. 2 (La. App. 5 Cir. 1/31/95), 650 So.2d 354, 356. Although no minimum requirements have been *1125 established for judging the sufficiency of a waiver of counsel, there must be a reasonable inquiry to establish on the record a knowing and intelligent waiver under the overall circumstances. State v. Strain, 585 So.2d 540, 542 (La.1991); State v. Guccione, 96-1049, p. 8 (La.App. 5 Cir.4/29/97), 694 So.2d 1060, 1065. The record must show that a defendant waived his right "with eyes open" and with an awareness of the danger of selfrepresentation. State v. Strain, supra.
In the instant case defendant filed a Motion to Proceed Pro Se on October 7, 1996. The motion does not contain an order, and it is unclear if the motion was ever scheduled to be heard.[1] On January 16, 1997, the day that trial was scheduled to proceed, the trial court addressed the issue of defendant's pro se motion. The trial court ruled that defendant would have the opportunity to assist his appointed attorneys in his own defense, including deciding what witnesses to call and what evidence to introduce. At the same hearing, the defendant addressed the court and made an oral motion for a continuance. The trial court granted defendant's request and continued the trial to January 23, 1997. On the day of trial, defendant filed a Motion to Dismiss his appointed attorney, Katherine Guste. Defendant told the trial court that he was not happy with Ms. Guste. The record reflects that the trial court denied this motion without a hearing and ruled that the case would not be continued any further. In denying defendant's motion, the trial judge made no attempt to ascertain whether the defendant was competent or able to represent himself. The trial judge found that the defendant had waived the issue by not raising it during his arraignment. The defendant objected, indicating that he never intended to waive the issue.
The trial judge stated that he would allow the defendant to assist his appointed counsel by making recommendations and suggesting possible defense witnesses. However, the defendant was not allowed to question any of the witnesses at trial, nor was he allowed to argue his case on his own behalf.
In Faretta, supra at 820, 95 S.Ct. at 2533-34, the United States Supreme Court stated:
To thrust counsel upon the accused, against his considered wish, thus violates the logic of the [Sixth] Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists ... Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for in a very real sense, it is not his defense.
The trial court violated the defendant's Sixth Amendment right to counsel by refusing to conduct an inquiry into the defendant's Motion to Proceed Pro Se. Rather, the trial court treated defendant's assertion of his right to self-representation as a ploy to obtain a continuance. Because of this error by the trial court, I would reverse the defendant's conviction and remand this matter to the trial court for a new trial.
In a review of the record for errors patent, I concluded that the severity of the imposition of life imprisonment on defendant when his history of criminal convictions do not include convictions for any violent crimes against persons warrants a constitutional excessiveness review. The Eighth Amendment to the United States Constitution and Article 1 Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id. The imposition of life imprisonment in this case shocks my sense of justice and does not appear to have a rational relationship to the defendant's crime.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] At the hearing on January 16, 1997, the trial judge stated that the motion was scheduled to be heard on November 8, 1996, the date of arraignment. But there is no other indication in the record that this motion was to be heard on November 8, 1996.