797 So.2d 32 (2001)
STATE of Louisiana
v.
Vaughn E. HINSON.
No. 2001-KK-1548.
Supreme Court of Louisiana.
September 14, 2001.
PER CURIAM:[*]
Granted. The trial court erred in granting the defendant's motion to quash the bill of information and ruling that the state cannot use his 1995 DWI conviction to enhance the present offense on grounds that the district judge in that case did not specifically inquire into the defendant's age, education or mental capacity before allowing him to waive counsel and plead guilty. Although this Court observed in State v. Strain, 585 So.2d 540, 543 (La. 1991), that "[f]actors bearing on the validity of [the waiver] include the age, education, experience, background, competency and conduct of the accused," this Court did not thereby set out a per se rule that a plea cannot be knowing and intelligent unless the trial court specifically inquires into these factors. The Court stated that whether a plea is knowing and voluntary is determined "in terms of the entire record *33 and not just by certain magic words used by the judge." Id. The present record reveals that the district judge in 1995 conducted an extensive guilty plea colloquy during which the defendant stated five times that he understood the judge's instructions, and the defendant indicated in writing and orally that he wished to plead guilty without the assistance of counsel. This extensive colloquy provided the court with adequate opportunity to assess "the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel as well as of the guilty plea." Strain, 585 So.2d at 544. Moreover, as in Strain, "nothing in the colloquy of the present case or in the defendant's subsequent pleadings, briefs or other arguments to any court suggests that the defendant did not fully understand the significance of the waiver of counsel or the plea." Id., 585 So.2d at 544. Accordingly, the totality of the circumstances indicates that the defendant knowingly and intelligently waived his right to counsel before pleading guilty.
The judgment of the district court granting the motion to quash is reversed and this case is remanded for further proceedings.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as justice pro tempore, participating in the decision.