JOHNSON, C.J.
would grant the writ application and assigns reasons.
1 defendant was found guilty by the district court of possession with intent to distribute cocaine and adjudged a fourth-felony offender. The court sentenced defendant to 10 years imprisonment at hard labor. Defendant appealed his conviction and sentence, arguing the district court erred by allowing him to represent himself at trial without conducting a hearing as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The court of appeal affirmed defendant’s conviction and sentence, finding defendant’s actions before and during trial demonstrated he was capable of knowingly and voluntarily choosing self-representation and that the arrangement most resembled a hybrid-representation, in which defendant acted in tandem with counsel, which did not require a Faretta inquiry. State v. McCorvey, 15-0482 (La.App. 4 Cir. 2/3/16), 187 So.3d 41.
Considering the facts of this particular case, I would vacate defendant’s conviction and sentence and remand this case to the district court, finding the court of appeal erred by concluding that the district court was not required to conduct a Faretta inquiry.
Both the Louisiana and federal constitutions guarantee a criminal defendant’s right to assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); State v. Brooks, 452 So.2d 149, 155 (La. 1984). Nevertheless, an accused may elect to waive the right *214 to counsel and represent himself. The assertion of the right to self-representation must be clear and unequivocal. See U.S. Const. Sixth Amend,; La. Const. art. I, § 13; Faretta, 422 U.S. at 835, 95 S.Ct. 2525; State v. Hegwood, 345 So.2d 1179, 1181-82 (La. 1977). And, the relinquishment of counsel must be knowing and intelligent. Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); State v. Strain, 585 So.2d 540, 542-43 (La. 1991), While the United States Supreme Court has expressly declined to “prescriben any formula or script to be read to a defendant who states that he elects to proceed without counsel,” Iowa v. Tovar, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004), the accused “should be made aware of the dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open.” Faretta, 422 U.S. at 835, 95 S.Ct. 2525.
This court has explained that a district court “should advise the accused of the nature of the charges and the penalty range, should inquire into the accused’s age, education and mental condition, and should determine according to the totality of the circumstances whether the accused understands the significance of the waiver.” Strain, 585 So.2d at 542, While a specific inquiry by the judge, expressly addressing the disadvantages of self-representation is clearly preferable, “[t]he critical issue on review of the waiver is whether the accused understood the waiver, What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge.” Id. at 543. Moreover, in addressing a co-counsel arrangement, this court has ruled that “[hjybrid representation in which a defendant acts in tandem with counsel in questioning witnesses or in presenting closing argument does not implicate Faretta.” State v. Mathieu, 10-2421 (La. 7/1/11), 68 So.3d 1015, 1019. However, to the extent a hybrid representation in which a defendant and his attorney “act, in effect, as co-counsel, with each speaking for the defense Uduring different phases of the trial,” results partially in pro-se representation, “allowing it without a proper Faretta inquiry can create constitutional difficulties.” Id. In this case, defendant appeared for his bench trial with an attorney. The state requested clarification of defendant’s representation status and the following exchange took place:
The court: [Defendant] said he’s lead counsel. Am I right? That’s what you said.
Defendant: I don’t have an attorney present. I’m going to have to go with it, sir.
The court: That’s what you said you wanted to do?
Defendant: That’s fine. I don’t have no other choice. I’m ready to get this over with. I’m trying to get out to help my father. My father need me.
The court: Okay. All right.
Defendant: I got her. She going to help me through it.
Attorney: Your Honor, as co-counsel, Your Honor, I’m asking again for a defense continuance.
The court: I appreciate—
Attorney: [Defendant] is looking at serious time. [Defendant], as well as myself, we need time to prepare for trial. Your Honor, I’m just asking for a brief continuance on behalf of [defendant], and [defendant] had already asked for it as well.
The court: Denied. Opening statements.
The record appears to be devoid of any information that would suggest defendant understood the risks and responsibilities associated with self-representation. The *215 above exchange makes clear that defendant specifically indicated that he was moving forward pro-se only because he did not feel that he had any other choice and was “ready to get this over with” because of a need to be released to help his father. Thus, in the absence of a standard Faretta colloquy, it does |4not appear that the totality of the circumstances supports a conclusion that his waiver was knowing and voluntary. Additionally, I would not characterize the attorney’s participation in defendant’s trial as substantial or describe the arrangement as a hybrid representation to the degree that Faretta was not implicated. As acknowledged by the court of appeal, the attorney’s trial participation was essentially non-existent—defendant questioned all of the witnesses and presented the opening statement and closing argument. As noted by the court of appeal, the only direct participation by the attorney at trial was that she made “several objections to trial testimony,” conferred with defendant concerning cross-examination of a witness, and she clarified a question submitted by defendant to the court by stating, “For the record [defendant] is talking about State’s Exhibit [3].” Her participation became more substantial only after trial, when she filed several motions and actively participated in the habitual offender hearing.
In my view, it appears the attorney, at best, acted as backup counsel for defendant. Defendant unquestionably assumed most, if not all, of the core functions of the lawyer at his trial, and thus the arrangement appears more accurately described as self-representation with limited assistance from standby counsel. With no information to support a conclusion that defendant knowingly and voluntarily chose this arrangement after being duly advised of the risks of self-representation, I would find the trial court erred by not conducting a Faretta inquiry before allowing defendant to proceed.