CRICHTON, J.,
additionally concurs and assigns reasons.
hi agree with the majority’s denial of the writ; however, I write separately to highlight the relevant Faretta jurisprudence -distinguishing situations in which a Faretta colloquy is necessary and situations where, like this one, a Faretta colloquy is unnecessary but nevertheless should be utilized as a best practice.
An accused may elect to. waive the right to counsel and represent himself. The assertion of the right to self-representation must be clear and unequivocal, see U.S. Const. Sixth Amend.; La. Const. art. I, § 13; Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); State v. Hegwood, 345 So.2d 1179, 1181-82 (La. 1977), and the relinquishment of counsel must be knowing and intelligent. Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023 (1938); State v. Strain, 585 So.2d 540, 542-43 (La. 1991). While the United States Supreme Court has expressly declined to “prescribe any formula or script to be read to a defendant who states that he elects to proceed without counsel,” Iowa v. Tovar, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004), the accused “should be made aware of the dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open.” Faretta, 422 U.S. at 835, 95 S.Ct. at 2541 (internal quotation marks and citation omitted). Accordingly, a trial court should “advise the accused of the nature of the charges and the penalty range, inquire into the accused’s age, |aeducation, and mental condition and determine according to the totality of the circumstances whether the accused understands the significance of the waiver.” *216 Strain, 585 So.2d at 542 (citing Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) and 2 W. LaFave & J. Israel, Criminal Procedure, 11.3 (1984)). Jurisprudence suggests that the failure to conduct a Faretta colloquy is not per se reversible error if the totality of the circumstances show that the defendant knowingly and voluntarily waived his right to counsel. See Dallio v. Spitzer, 343 F.3d 553, 562 (2d Cir. 2003).
Defendant, as a fourth felony offender, is no stranger to the criminal justice system. Indeed, his extensive time spent amassing such a criminal history distinguishes him as an accomplished criminal in our justice system. In this case, he received the assistance of two lawyers: one who withdrew pre-trial and the other who assisted him during trial, conferring with him on several occasions during cross-examination of prosecution witnesses and lodging objections. She took a more active role in post-verdict motion practice. It is my view in this case that, despite an absence of a Faretta colloquy, the totality of the circumstances supports a conclusion that this defendant’s choices were clearly his own, made knowingly and voluntarily. Before trial, defendant’s lawyer referred to herself as “co-counsel,” and defendant likewise informed the court that his lawyer was “going to help me through it.” It is important to note that the defendant chose that arrangement. Thus, it is my view that this somewhat hybrid representation did not come close to constituting a Sixth Amendment violation, nor did it implicate the absolute necessity of a Faretta colloquy. And even if court-appointed counsel acted as merely backup counsel for defendant, the specific circumstances here involving this experienced criminal defendant meet the “knowing and voluntary” threshold as described above.
)3On the other hand, and while the law may provide exceptions as noted above, I believe a full Faretta inquiry following a defendant’s invocation of right to self-representation (hybrid or otherwise) constitutes a best practice for courts and serves both the interests of justice and judicial economy. Indeed, the de minimus amount of time and effort by the trial court in conducting a colloquy in compliance with Faretta—even in a hybrid representation context—protects the record against post-trial collateral attacks and possible appellate intervention.