Judgment rendered September 22, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,055-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

COCA L. EDWARDS, JR.                        Appellant

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 44333

Honorable Jacque D. Derr, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

RICHARD CHRISTOPHER NEVILS           Counsel for Appellee
District Attorney

COLE B. SMITH
STEVEN D. CREWS
Assistant District Attorneys

* * * * *

Before COX, STEPHENS, and THOMPSON, JJ.

**STEPHENS, J.**

This criminal appeal arises out of the 8th Judicial District Court, Winn Parish, Louisiana, the Honorable Jacque D. Derr presiding. Defendant, Coca L. Edwards, Jr., was convicted by a unanimous jury of possession with intent to distribute synthetic marijuana; possession of hydrocodone; being a convicted felon in possession of a firearm or carrying a concealed weapon; and, illegal carrying of weapons by possessing or having in his control a firearm while in the possession of controlled dangerous substances. He was thereafter sentenced to a cumulative 20 years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant has appealed his convictions and sentences. Finding merit to defendant's first assignment of error, that the trial court failed to conduct an adequate *Faretta* inquiry to determine whether defendant's waiver of right to counsel was made knowingly and intelligently, we reverse and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTS/PROCEDURAL BACKGROUND

On February 20, 2018, Louisiana State Police Trooper Bobby Williams stopped defendant, Coca L. Edwards, Jr., for an expired license plate. Defendant was unable to provide proof of insurance for the vehicle when asked. Tpr. Williams requested backup, and deputies with the Winn Parish Sheriff's Department responded.

Initially, defendant agreed to allow the officers to search his vehicle, then changed his mind. Deputy Calvin Hay conducted an open-air sniff test of the vehicle with his K-9 Roxie; she alerted upon reaching the passenger side of defendant's automobile. A subsequent search conducted by the officers led to the recovery of, *inter alia*, what they believed to be two bags

of marijuana (later determined to be synthetic marijuana), some hydrocodone pills, and a gun. Tpr. Williams issued a citation for the expired plate and paperwork for the lack of insurance, and defendant was arrested by the Winn Parish deputies.

On April 4, 2018, defendant was charged by bill of information with possession of a schedule I controlled dangerous substance (synthetic marijuana) with intent to distribute; possession of a schedule II controlled dangerous substance (hydrocodone); possession of a legend drug without a prescription (amoxicillin); possession of drug paraphernalia; possession of a firearm by a convicted felon; possession of a firearm and drugs; and, illegal use of controlled dangerous substances in the presence of a person under the age of 17.[1]

Because defendant was adamant about representing himself despite the availability of representation by counsel from the local Office of the Public Defender ("OPD"), and due to concerns expressed by OPD attorneys as to defendant's competency to waive counsel, on October 10, 2018, the trial court, on its own motion, issued an order appointing a sanity commission to determine defendant's mental capacity to understand the proceedings and to assist in his defense.

At a hearing on November 28, 2018, the trial court explained to defendant that his case was on hold until the reports were received from the doctors appointed to evaluate him. Thereafter, at a hearing on January 23, 2019, the court noted that the sanity commission's reports concluded that the defendant was sane and able to assist with his defense. Defendant stated that

---

[1] Only the four felony charges were taken to trial.

2

he did not want an attorney, and a motion to withdraw filed by Attorney Calhoun of the OPD was granted. The trial judge told defendant that, although he needed an attorney, the court would let defendant represent himself.

A motions hearing was held on May 14, 2019. The trial court's ruling denying defendant's motion to suppress, as well as several other previously unaddressed motions, was filed on June 12, 2019. A jury trial was held July 22-24, 2019. As noted above, a unanimous 12-person jury found defendant guilty of the four charged felony offenses. He was sentenced to a total of 20 years at hard labor without the benefit of probation, parole, or suspension of sentence. This appeal ensued.

## DISCUSSION

In his first assignment of error, defendant asserts that the trial court erred by failing to conduct an adequate *Faretta* inquiry prior to allowing him to represent himself at trial. On the other hand, the State argues that the trial court's decision to allow defendant to represent himself is supported by the record.

### Applicable Legal Principles

The Sixth Amendment to the United States Constitution and Article I, §13 of the Louisiana Constitution give a defendant the right to counsel as well as the right to defend himself. A defendant may represent himself only if he makes an unequivocal request to represent himself and knowingly and intelligently waives his right to counsel. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1977); *State v. Bell*, 2009-0199 (La. 11/30/10), 53 So. 3d 437, *cert. denied*, 564 U.S. 1025, 131 S. Ct. 3035, 180 L. Ed. 2d 856 (2011). The trial court should inform the defendant of the

3

dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing, and his choice is made with eyes wide open." *Faretta*, 422 U. S. at 835, 95 S. Ct. at 2541, citing *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236, 242, 87 L. Ed. 268 (1942); *State v. Bell*, 381 So. 2d 393 (La. 1980); *State v. Mingo*, 51,647 (La. App. 2 Cir. 9/27/17), 244 So. 3d 629, *writ denied*, 2017-1894 (La. 6/1/18), 243 So. 3d 1064.

Once the defendant has made an unequivocal request to represent himself, the trial court must determine whether the defendant is competent to waive counsel and whether he did so knowingly and intelligently with full understanding of the risks and possible consequences. *State v. Bell*, 53 So. 3d at 448. The competence required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself. *Godinez v. Moran*, 509 U.S. 389, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993); *State v. Bell*, *supra*.

Whether a defendant has knowingly, intelligently, and unequivocally asserted the right to self-representation must be determined on a case-by-case basis, considering the facts and circumstances of each case, including the background, experience, and conduct of the accused. *Id.*; *State v. Leger*, 2005-0011 (La. 7/10/06), 936 So. 2d 108, *cert. denied*, 549 U.S. 1221, 127 S. Ct. 1279, 167 L. Ed. 2d 100 (2007); *State v. Harper*, 381 So. 2d 468 (La. 1980); *State v. Mingo*, *supra*; *State v. Johnson*, 50,234 (La. App. 2 Cir. 11/18/15), 182 So. 3d 1039, *writ denied*, 2015-2242 (La. 3/24/16), 190 So. 3d 1190.

A more thorough inquiry is required to allow a defendant to represent himself at a felony trial than is required to accept his uncounseled guilty plea

4

to an uncomplicated misdemeanor.  *State v. Strain*, 585 So. 2d 540 (La. 1991); *State v. Mingo, supra*; *State v. Johnson, supra*.  As noted by the Louisiana Supreme Court in *State v. Strain, supra* at 542:

> The judge, in accepting a waiver of counsel at trial, should advise the accused of the nature of the charges and the penalty range, should inquire into the accused's age, education and mental condition, and should determine according to the totality of the circumstances whether the accused understands the significance of the waiver.

While there is no particular formula to be followed by a trial court in determining whether a defendant has waived his right to counsel, the following colloquy was found by the Louisiana Supreme Court to be sufficient to show that a defendant was "well apprised of his rights and the inherent risks of self-representation and further, that he knowingly and intelligently waived his right to appointed counsel":

> In an exchange with the district court judge, defendant indicated … after conferring with [appointed counsel], he fully understood the nature of his request and the consequences of self-representation.  The district court then inquired into the defendant's age, education, ability to comprehend, read, and write, and further verified that he understood the charges against him, the order of trial, and the potential penalty.  The court also determined that he understood the presumption of innocence and his right to testify regardless of his choice to represent himself or have the assistance of counsel.  Further, at this hearing the court reminded the defendant he was bound by the procedural requirements and the rules of evidence and ensured he understood the limited role of standby counsel.

*State v. Bell*, 53 So. 3d at 449-50.  *See also*, *State v. Laster*, 44,870 (La. App. 2 Cir. 2/3/10), 33 So. 3d 259, 263, *writ denied*, 2010-0603 (La. 3/4/11), 58 So. 3d 468; *State v. Perry*, 2017-567 (La. App. 5 Cir. 6/27/18), 250 So. 3d 1180, 1191-92, *writ denied*, 2018-1325 (La. 11/14/18), 256 So. 3d 285; *State v. Ferguson*, 2015-0427 (La. App. 1 Cir. 9/18/15), 181 So. 3d 120, 132, *writ*

*denied*, 2015-1919 (La. 11/18/16), 210 So. 3d 282; *State v. Hayes*, 2011-1232 (La. App. 4 Cir. 10/24/12), 107 So. 3d 668, 672.

**Analysis**

The following is the exchange between the trial court and defendant at the hearing (following the court's receipt of the reports from the sanity commission) held on January 23, 2019:

THE COURT:      All right.  Mr. Edwards, you've indicated to me that you do not want to have an attorney represent you in these matters.  Is that correct[?]

DEFENDANT:      That's correct.

THE COURT:      I must inform you that that's almost never a good idea for a layman to represent himself in a serious criminal matter, but, if you insist that that's what you want, then I'm gonna grant you that, uh, right to represent yourself, although I want you to acknowledge that I have told you that I – I don't think that's a good idea.  You understand that I don't think it's a good idea?

DEFENDANT:      Yes.

THE COURT:      And you still want to do it.

DEFENDANT:      I still want to do it.

THE COURT:      All right.  I'm gonna grant you that, uh, that right, uh, so you're . . . you are your attorney now, and I've determined that you are competent to go on to trial. . . . Now, uh, counsel, do we want to, now that we've determined that Mr. Edwards is representing himself and that he is capable of representing himself as far as sanity is concerned, do we want to fix [a date for] motions[.]

In the instant case, our review of the record makes clear defendant's unequivocal intent to represent himself.  However, the record contains no indication that the trial court assessed defendant's literacy, competency,[2] and

---

[2] We assume the sanity commission's report sufficiently addresses the issue of defendant's mental competency; however, this report was not included in the appellate record, and none of its findings, other than the commission's ultimate conclusion, were referred to in the record.

6

understanding prior to accepting his waiver of counsel. Furthermore, the record does not show that defendant was adequately informed of the dangers and disadvantages of self-representation, such as the failure to recognize objections to inadmissible evidence and the inability to adhere to technical rules governing trials. *State v. Strain*, 585 So. 2d at 542-43; *State v. Bruce*, 2003-918 (La. App. 5 Cir. 12/30/03), 864 So. 2d 854, 857. We are forced to conclude that the trial court did not investigate these factors, inasmuch as the decision to allow defendant to represent himself is not supported by evidence of the requisite inquiry.

Based on our conclusion that a *Faretta* inquiry must be held before defendant can be allowed to waive his right to counsel and represent himself at trial, we do not reach the remaining assignments of error raised by defendant on appeal. Upon remand, if the trial court, after engaging in the necessary colloquy with defendant, determines that waiver of defendant's right to counsel can be knowingly and intelligently exercised, the court should appoint, "even over objection by the accused . . . a standby counsel to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *See*, *Faretta*, 422 U.S. at 834, 95 S. Ct. at 2541, fn. 46; *Edwards v. Indiana*, 554 U.S. 164, 177-78, 128 S. Ct. 2379, 2387-88, 171 L. Ed. 2d 345 (2008); *State v. Bell,* 53 So. 3d at 447-48.

## CONCLUSION

For the reasons set forth above, the convictions and sentences of defendant, Coca L. Edwards, Jr., are VACATED and this matter is REMANDED to the trial court for a new trial.