NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 KA 0990

STATE OF LOUISIANA

VERSUS

DONOVAN DARVILLE

**Judgment Rendered:** NOV 2 0 2024

* * * * * *

Appealed from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket Number 37,382
The Honorable Jason Verdigets, Judge Presiding

* * * * * *

Ricky L. Babin
District Attorney
Donald D. Candell
Lindsey Manda
Assistant District Attorneys
Gonzales, Louisiana

Counsel for Appellee
State of Louisiana

Lieu T. Vo Clark
Mandeville, Louisiana

Counsel for Defendant/Appellant
Donovan Darville

* * * * * *

BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG JJ.

**GUIDRY, C.J.**

The defendant, Donovan Darville, was charged by grand jury indictment with second degree murder (count one), in violation of La. R.S. 14:30.1, and possession of a firearm by a convicted felon (count two), in violation of La. R.S. 14:95.1. He pled not guilty and, following a jury trial, was found guilty as charged. The defendant filed a motion for new trial, arguing his second degree murder conviction was unconstitutional, as it was based on an eleven-to-one jury verdict.[1] The trial court granted his motion for new trial and vacated the defendant's conviction for second degree murder. For the conviction of possession of a firearm by a convicted felon, the trial court sentenced the defendant to twenty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence, and this court affirmed his conviction and sentence on appeal. State v. Darville, 20-1135 (La. App. 1st Cir. 10/18/21), 2021 WL 4844343 (unpublished).

The defendant was later re-tried on the charge of second degree murder, and a jury unanimously found him guilty. The trial court sentenced him to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence to run concurrently with his sentence for possession of a firearm by a convicted felon. The defendant now appeals, asserting he did not intelligently and knowingly waive his right to counsel. For the following reasons, we affirm the conviction and sentence.

---

[1] See Ramos v. Louisiana, 590 U.S. 83, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

## FACTS

Evangelean Gaona lived in Prairieville, Louisiana, with Tessa Menier and Clarence Harvey, the victim. Gaona and Harvey were romantically involved. The defendant and Gaona then had a sexual encounter, after which Harvey and the defendant began arguing. About a week later, on April 18, 2017, the defendant was at Gaona's trailer when Harvey pulled up in a vehicle. The defendant approached Harvey's vehicle and began yelling at him. The defendant had a revolver in his hand and accused Harvey of having a gun. Harvey walked away from the defendant towards the stairs of the trailer. As Harvey walked away, the defendant shot him multiple times, killing him. Harvey did not possess a weapon at any time before he was shot and killed.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant asserts the trial court erred in allowing him to represent himself without obtaining a knowing and intelligent waiver of the right to counsel.

The Sixth Amendment to the United States Constitution and La. Const. art. I, § 13 give a defendant the right to counsel as well as the right to defend himself. A defendant may represent himself only if he makes an unequivocal request to represent himself and knowingly and intelligently waives his right to counsel. State v. Ferguson, 15-0427, p. 7 (La. App. 1st Cir. 9/18/15), 181 So. 3d 120, 131, writ denied, 15-1919 (La. 11/18/16), 210 So. 3d 282. Although a defendant need not have the skill and experience of a lawyer to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation so the record will establish he knows what he is doing and his choice is made with eyes wide open. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). Assertion of that right "must also be clear and unequivocal." State v. Bell, 09-0199, p. 17 (La. 11/30/10),

53 So. 3d 437, 448, cert. denied, 564 U.S. 1025, 131 S.Ct. 3035, 180 L.Ed.2d 856 (2011).

In accepting a waiver of counsel, the trial court should advise the defendant of the nature of the charges, the penalty range for the charges, as well as the dangers and disadvantages of self-representation, such as the failure to recognize objections to inadmissible evidence and the inability to adhere to technical rules governing trials. Additionally, the trial court should inquire into the defendant's age, education, and mental condition and should determine according to the totality of circumstances whether the accused understands the significance of the waiver. Ferguson, 15-0427 at 7-8, 181 So. 3d at 131. In order to sufficiently establish on the record the defendant is making an intelligent and knowing waiver, the inquiry should involve an interchange that elicits more than "yes" or "no" responses from the defendant. See State v. Strain, 585 So. 2d 540, 542 (La. 1991). Once the defendant has made an unequivocal request to represent himself, the trial court must determine whether the defendant is competent to waive counsel and is "voluntarily exercising his informed free will." State v. Santos, 99-1897, p. 3 (La. 9/15/00), 770 So. 2d 319, 321 (per curiam) (quoting Faretta, 422 U.S. at 835, 95 S.Ct. at 2541). The competency at issue is a defendant's competence to *waive* his right to counsel, not his competence to represent himself. Santos, 99-1897 at 3, 770 So. 2d at 321.

Whether a defendant has knowingly, intelligently, and unequivocally asserted the right to self-representation must be determined on a case-by-case basis, considering the facts and circumstances of each case. State v. Leger, 05-0011, p. 53 (La. 7/10/06), 936 So. 2d 108, 147-48, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007). The propriety of allowing a defendant to make this election shall not be judged by what happens in the subsequent course of that representation. Rather, it is the record made in recognizing the waiver that

4

controls. The trial court has much discretion in determining whether the defendant's waiver is knowing and intelligent, and an appellate court should not reverse such a ruling unless an abuse of that discretion is shown. Ferguson, 15-0427 at 8, 181 So. 3d at 131-32.

On January 10, 2022, the morning before trial was scheduled to begin, the trial court convened for a hearing on the defendant's pro se motion to quash.[2] At that time, defense counsel informed the court the defendant wished to represent himself, and the following colloquy ensued:

> THE COURT:
> Mr. Darville, why do you think that would be in your best interest to represent yourself?
>
> MR. DARVILLE:
> Because I asked my lawyer to file my motion to quash. She didn't file it. Also, during trial, I asked Allen Davis to make an objection. He didn't make an objection. So therefore, I have ineffective assistance of counseling coming from the counselors. So therefore, I feel that it is in my best interest that I represent myself, Your Honor.
>
> THE COURT:
> Let's take those two issues up. So the second issue, regarding Mr. Davis, he won't even be representing you in this trial, Ms. Jones will. So that is a nonissue. You don't have to worry about that. Then on the first issue regarding not filing a motion, you know, your counsel may disagree with whether the motion...
>
> MR. DARVILLE:
> I wish to represent myself as my own defense, Your Honor. That is my best defense, Your Honor, is to represent myself.
>
> THE COURT:
> Okay. And you think that is wise on these kind of charges, charges of murder?
>
> MR. DARVILLE:
> Yes, sir.
>
> THE COURT:
> Okay. Well we will go forward then with you representing yourself.

---

[2] The motion to quash was denied. Further, on motion of the State and over the defendant's objection, the trial was continued to March 15, 2022, and ultimately began on July 12, 2022.

The trial court indicated that counsel would be seated at the defense table to assist the defendant if he wanted any help.

On appeal, the defendant argues he did not intelligently and knowingly waive his right to counsel, because the trial court failed to inform him of the dangers and disadvantages of self-representation. Quoting the colloquy from the January 10, 2022 hearing, he contends the trial court failed to conduct any meaningful inquiry into his decision to represent himself. However, the defendant fails to acknowledge the trial court's subsequent discussion of the defendant's decision to represent himself and waive his right to counsel.

During trial, the trial court indicated while there was "a good record over the course of [the] case regarding the fact" that the defendant wanted to represent himself, the court wanted to ask additional questions for the record.[3] The trial court questioned the defendant about his education level; his ability to read, write, and understand the English language; and his familiarity with the legal system. The defendant confirmed he filed numerous pro se pleadings and that he was present at his first trial with counsel. The defendant said he understood the nature of the charged offense and the potential sentence he could receive if convicted. Finally, the defendant affirmed that he had expressed to the trial court on multiple occasions that he wanted to represent himself on the murder charge. The trial court thereafter found the defendant had the competency to waive counsel and validly waived his right to counsel under the totality of the circumstances.

In light of the foregoing, we find the trial court fully advised the defendant of the dangers and disadvantages of self-representation and the defendant's waiver of his right to counsel was knowingly, intelligently, and voluntarily made. The defendant's initial waiver was knowing and intelligent, as he was unequivocal in his wish to represent himself, he filed numerous pro se motions, and he knew the

_____

[3] At this point in the proceedings, the defendant had participated in the jury selection process and had cross-examined several witnesses with counsel present for advisory purposes.

nature of the charge and potential sentence he could receive, having been present at his first trial. Furthermore, once the instant trial began, the defendant confirmed he wanted to represent himself, and the trial court again found the defendant's waiver was knowing and voluntary. Therefore, the trial court did not abuse its discretion in granting the defendant's request to represent himself, and this assignment of error lacks merit.

Accordingly, we affirm the conviction and sentence.

**CONVICTION AND SENTENCE AFFIRMED.**